

### SHERIFF'S OFFICE OF COOK COUNTY
### AFFIDAVIT OF SERVICE



**\* 0 1 9 7 3 8 7 0 \***

CASE NUMBER: 15L012107       MULT. SER.: 1       DOC. TYPE: LAW
**DIE DATE: 12/28/2015**    RECEIVED DATE: 12/23/2015    FILED DATE: 11/30/2015    DIST: 604 DC

| | |
|---|---|
| **DEFENDANT:**   GOJET AIRLINES, LLC <br> 208 S LASALLE ST <br> CHICAGO, IL 60604 <br> STE 814 | **PLAINTIFF:**   CLOUTHIER, JOHN <br> **ATTORNEY:**   FRENZEL LAW LLC <br> 9001 CRESCENT CT COURT <br> OAK LAWN, IL 60453 <br> 312-213-4707 |

ATTACHED FEE AMT:
SERVICE INFORMATION: RM 801

## I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

____ **(1) PERSONAL SERVICE:** BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

____ **(2) SUBSTITUTE SERVICE:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THEREIN, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20 ____

____ **(3) UNKNOWN OCCUPANTS:** BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

_X_ **(4) CORP/CO/BUS/PART:** BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION. __ COMPANY ____ BUSINESS ____ PARTNERSHIP ____

____ **(5) PROPERTY RECOVERED:** NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

____ **(6) S.O.S./D.O.I.:** BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

____ **(7) CERTIFIED MAIL**

     **\*\*\*\* COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT \*\*\*\***

____ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

## THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:

____ (01) NO CONTACT      ____ (05) WRONG ADDRESS      ____ (09) DECEASED
____ (02) MOVED      ____ (06) NO SUCH ADDRESS      ____ (10) NO REGISTERED AGENT
____ (03) EMPTY LOT      ____ (07) EMPLOYER REFUSAL      ____ (11) OUT OF COOK COUNTY
____ (04) NOT LISTED      ____ (08) CANCELLED BY PLAINTIFF ATTY      ____ (12) OTHER REASON (EXPLAIN)
EXPLANATION: _INTAKE SPECIALIST_

WRIT SERVED ON: _MS HIGHTOWER RA_
SEX: _F_      RACE: _B_      AGE: _50_
THIS _28_ DAY OF _DEC_ 20 _15_
TIME: _0935_ AM/PM

| ATTEMPTED SERVICES | | |
|---|---|---|
| DATE | TIME (AM/PM) | STAR# |
| | 0935A | 10061 |
| : | | |
| : | | |
| : | | |

THOMAS J. DART
SHERIFF, BY: _D.O._ _\#10061_ , DEPUTY

DST421R

## M. PALOMINO
## #10061

```
CIRCUIT COURT OF COOK COUNTY
LAW DIV., RM 2003 DALEY CTR.
CHICAGO, IL. 60602


ID: LD2015L012107    20151223000003
AT: FRENZEL LAW LLC
TO: NFRENZEL@NICHOLASFRENZEL.COM

                    ********
                  NOTICE OF
                CALENDAR CALL

  CASE 15-L-012107   CLOUTIER JOHN    V.   TRANS STATES HOLDI
       THIS CAUSE IS SCHEDULED TO APPEAR ON THE
  CALENDAR CALL BEFORE JUDGE SHERLOCK PATRICK J
  IN ROOM 2007 ON 01/28/2016 AT 09:30 A.M.
  AT THE R.J. DALEY CENTER, 50 W WASHINGTON, CHICAGO,IL
       ALL PARTIES MUST BE REPRESENTED BY COUNSEL OR
  APPEAR IN PERSON AND MUST BE PREPARED TO REPORT TO
  THE COURT ON THE STATUS OF THE CASE INCLUDING THE
  STATUS OF DISCOVERY.
                 BY: JUDGE SHERLOCK PATRICK J
                 YOU MUST APPEAR
```

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS |

(2/18/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT,    LAW    DIVISION

JOHN CLOUTIER;

    v.

(Name all parties)

TRANS STATES HOLDINGS, INC.

No. 2015-L-012107

**Defendant Address:**

TRANS STATES HOLDINGS. INC.
R/A RICHARD A. LEACH
11495 NAVAID ROAD
SUITE 340
BRIDGETON, MO 63044

### Summons

To each Defendant:     ☑ SUMMONS       ☐ ALIAS - SUMMONS

      YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room    801    ,Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

    This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 55889

Name: FRENZEL LAW LLC

Atty. for: JOHN CLOUTIER

Address: 9001 CRESCENT CT

City/State/Zip: OAK LAWN, IL 60453

Telephone: (312) 213-4707

WITNESS, Monday, 30 November , 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: _____,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
                                        (Area Code)      (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS |

(2/18/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT,      LAW      DIVISION

JOHN CLOUTIER;

(Name all parties)

v.

GOJET AIRLINES, LLC

No.  2015-L-012107

Defendant Address:

GOJET AIRLINES, LLC
208 S. LASALLE STREET
SUITE 814
CHICAGO, IL 60604

### Summons

To each Defendant:      ☑ SUMMONS      ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room      801      ,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.:  55889

Name:  FRENZEL LAW LLC

Atty. for:  JOHN CLOUTIER

Address:  9001 CRESCENT CT

City/State/Zip:  OAK LAWN, IL 60453

Telephone:  (312) 213-4707

WITNESS, Monday, 30 November      2015

/s DOROTHY BROWN
Clerk of Court

Date of service:                              ,
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)      (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS | (2/18/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

JOHN CLOUTIER;

_____ (Name all parties)

v.

TRANS STATES HOLDINGS, INC.

_____

No. 2015-L-012107

Defendant Address:

TRANS STATES HOLDINGS, INC.
R/A RICHARD A. LEACH
11495 NAVAID ROAD
SUITE 340
BRIDGETON, MO 63044

## Summons

**To each Defendant:** ☑ SUMMONS    ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____801_____ ,Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.

**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _____55889_____

Name: _____FRENZEL LAW LLC_____

Atty. for: _____JOHN CLOUTIER_____

Address: _____9001 CRESCENT CT_____

City/State/Zip: _____OAK LAWN, IL 60453_____

Telephone: _____(312) 213-4707_____

WITNESS, Monday, 30 November _____ 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: _____, _____

(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)          (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS |

(2/18/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT,     LAW     DIVISION

JOHN CLOUTIER;

(Name all parties)

v.

GOJET AIRLINES, LLC

No. 2015-L-012107

Defendant Address:

GOJET AIRLINES, LLC
208 S. LASALLE STREET
SUITE 814
CHICAGO, IL 60604

### Summons

To each Defendant:    ☑ SUMMONS      ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room    801    ,Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60426 | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 55889

Name: FRENZEL LAW LLC

Atty. for: JOHN CLOUTIER

Address: 9001 CRESCENT CT

City/State/Zip: OAK LAWN, IL 60453

Telephone: (312) 213-4707

WITNESS, Monday, 30 November 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: _____,

(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
      (Area Code)      (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
CALENDAR: Q
PAGE 1 of 24
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

| | | | |
|---|---|---|---|
| JOHN CLOUTIER | | | |
| | Plaintiff | **No.** _____ | |
| | v. | | |
| TRANS STATES HOLDINGS, INC, and GOJET AIRLINES LLC | | **Damages in excess of $50,000.** | |
| | Defendant | **Return Date January 14, 2016** | |

### COMPLAINT AT LAW AND EQUITY

Plaintiff, John F. Cloutier ("Cloutier" or "Captain Cloutier"), by and through his attorneys, FRENZEL LAW, LLC, complains against Defendants Trans States Holdings, Inc. ("TSH") and Gojet Airlines LLC ("Gojet") as follows:

### NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by the Defendants' unlawful termination of Plaintiff in violation of the Family and Medical Leave Act of 1993, 29 U.S.C § 2615 ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA" or "ADAAA"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.

2. The unlawful employment practices described herein were committed within the State of Illinois, at Defendants's facility at O'Hare International Airport, in Chicago, Illinois against the Plaintiff who was employed by the defendant at its O'Hare location in Chicago.

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and age discrimination. All conditions precedent to the institution of this lawsuit has been fulfilled, including receipt by Plaintiff of a Right to Sue Letter issued by the EEOC. The Right to Sue Letter was issued in September of 2015 and this action was instituted within

90 days.

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 2 of 24

## PARTIES

4.   Captain Cloutier was employed by Defendants beginning on or about August 18, 2008 until his termination on or about August 15, 2014.  Captain Cloutier was hired by Defendant Gojet Airlines LLC as a pilot and was an "employee" of Defendants TSH and GoJet within the meaning of 29 U.S.C. § 2611(2)(A).

5.   Captain Cloutier is an "eligible employee" under 29 U.S.C. § 2611(2)(B)(ii) because Defendants TSH and GoJet together and/or separately employ more than 50 employees within 75 mile of his worksite.

6.   Captain Cloutier is an "eligible employee" under 29 U.S.C. § 2611(2)(D) because in the 12 months prior to his taking FMLA leave he worked not less than 60% of the monthly guarantee and was paid no less than 504 hours.

7.   Defendant TSH is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce, with a facility located at O'Hare International Airport in Chicago, Illinois.

8.   Defendant GoJet Airline LLC is a Missouri LLC doing business in the State of Illinois, engaged in an industry affecting commerce, with a facility located at O'Hare International Airport in Chicago, Illinois and is registered with the Illinois Secretary of State as a foreign LLC.

9.   Both TSH and Gojet are in the airline industry.  Defendant GoJet is a fully-owned subsidiary of Defendant TSH, the holding company.  GoJet is a regional airline that operates flights as United Express and Delta Connection.

## FACTUAL ALLEGATIONS

2

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 3 of 24

10. Captain Cloutier was hired by GoJet and began working on or about August 18, 2008 as a pilot, a Captain on the CRJ-700 aircraft.

11. In the year prior to June 2014 Captain Cloutier worked for the Defendants on a full-time basis, and had worked or been paid more than 60 percent of his applicable monthly guarantee and worked or been paid for not less than 504 hours.

12. The Defendants employ more than 50 employees within 75 miles of Cloutier's worksite.

13. GoJet employs more than fifty employees at O'Hare International Airport.

14. Cloutier has been diagnosed with Diabetes Mellitus.

15. The diagnosis of Diabetes Mellitus is a disease that prohibited him from operating an aircraft until the Federal Aviation Administration's Aerospace Medical Certification Division reviewed certain medical tests to verify that the Diabetes was well controlled.

16. In order for the FAA ACME to approve the return to flying of a pilot with Diabetes, the pilot must be on his medication a minimum of 60 days and suffer no disqualifying side effects.

17. Once the pilot has been on the required medicine a minimum of 60 days, certain information must be sent to the FAA Airman Aerospace Medical Certification Division. In order to get the AMCD approval there must be a report from the treating physician containing a statement regarding the medication used, dosage, the absence or presence of side effects and clinically significant episodes. It must contain an A1C hemoglobin test and a determination regarding the presence of cardiovascular, neurological, renal, and/or ophthalmological disease. There must also be 30 days of blood sugar tracking.

3

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 4 of 24

18. Captain Cloutier submitted a request for FMLA leave on 12 June 2014 for his Diabetes to the Base Manager, Tracey Ryan.

19. In his request for FMLA leave, Captain Cloutier informed the base Manager, Tracey Ryan, that for his medical condition and the medicine upon which he was being placed, the FAA required that he be on the medicine a minimum of 60 days, and to then submit the results of his medical examinations to the FAA. The FAA would then evaluate the test results and issue the required FAA medical certificate.

20. It is unlawful for anyone to pilot an aircraft without an FAA medical certificate.

21. The defendants are in the airline industry and knew or should have known that a pilot would not be able to pilot an airplane before the FAA approved his return by issuing a new medical certificate.

22. On 12 June 2014 the Base Manager, Tracey Ryan, requested that Captain Cloutier obtain an FMLA medical certification and return it back to her by 17 June 2014, only 5 days later. By the terms of the FMLA an employee must be given a minimum of 15 days to return the certification. The email did not include the required notice under the FMLA of the possible consequences of not returning the certification in a timely manner.

23. GoJet is an airline and is familiar with FAA requirements regarding pilot medical certifications with the FAA and knew that Captain Cloutier would not be able to return to work as a pilot until cleared not only by is regular doctor, but also by an FAA designated medical examiner, and by the FAA AMCD.

24. GoJet knew that, even if his regular doctor told him that he could return to work immediately that Captain Cloutier would still not be able to return to work as a pilot until

4

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 5 of 24

the protocol that the FAA has for pilots being diagnosed with diabetes was completed. The protocol included a minimum of 60 days on the medicine to determine if any side effects were present, the ruling out of any organ damage, and the collection of data showing that the diabetes was well controlled. Additionally, the A1C test would have to have a reading of less than 9. Then another medical exam by an FAA Designated Medical Examiner. After that all the data is submitted to the FAA AMCD for approval, which can take, and usually does take, several weeks.

25. Captain Cloutier received an email from the Base Manager in Chicago stating that the FMLA leave had been approved and was being backdated to 6/11/14 and that she would update his schedule for FMLA leave from 6/11/14 to 7/31/14. She also stated that pursuant to the Pilot's Collective Bargaining Agreement that he would be required to submit to a medical examination at Gojet's regular doctor in Maryland Heights, MO before his return. The email did not contain any other notices.

26. Captain Cloutier immediately responded by email to the Base Manager, Tracey Ryan, that he would not be able to return on 8/1/14 as he would require a minimum of 60 days on the medicine and then the time for the FAA to review the medical results and issue the FAA Medical Certificate.

27. Captain Cloutier also responded by email that the Collective Bargaining Agreement did not require that he be examined by a company designated doctor prior to return for FMLA leave and, in fact, specifically stated that they could not require such an examination.

28. Shortly after the base manager, Tracey Ryan, emailed that she required a yes or no response as to whether Captain Cloutier was going to comply with the company's

demand that he be examined by their doctor prior to his return from FMLA leave. Captain Cloutier did not see the email.

29. On June 25, 2014 Captain Cloutier received a phone call from the new Chief Pilot, Randy Bratcher. Captain Cloutier did not know that Bratcher was the new Chief Pilot. Bratcher informed Captain Cloutier that the base manager was on vacation and the VP of Operations, Steven Briner, was handling her duties and he had sent an email to Captain Cloutier that he had not responded to demanding that he respond to the previous yes or no demand of the base manager. Bratcher told him that he had until 5:00 pm to respond and that he needed to respond that he would comply.

30. Captain Cloutier did respond to the email stating that he would comply with the requirements of the Collective Bargaining Agreement.

31. The VP of Operations, Steven Briner, responded back that Captain Cloutier had not complied with his demand.

32. On July 31, 2014 Captain Cloutier received a call from Crew Scheduling asking about his return the next day. Captain Cloutier informed them that he would not be returning the next day and that he had previously informed the company that he would not be able to return until the FAA approved his medical in mid August to early September 2014.

33. On or about 7/31/14 Captain Cloutier received a phone call from Base Manager, Tracey Ryan, asking about his return on 8/1/14.

34. Captain Cloutier sent Tracey Ryan an email again informing her that he would be completing his tests and submitting them to the FAA in mid August and then must await FAA certification and once that was received he would be back.

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 6 of 24

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 7 of 24

35. On the evening of August 1, 2014, at 6:15 pm, Tracey Ryan sent Captain Cloutier an email stating that since he was asking for an extension of his FMLA leave he would be required to submit a re-certification no later than 5pm CST on 8/15/2014. That demand only gave Captain Cloutier 13 full days to complete the request. Captain Cloutier was not expecting such an email and did not notice the email on his computer until 8/19/14.

36. On 8/19/14 Captain Cloutier saw the email and responded that he had just received the email and would get the recertification right back.

37. On or about 8/21/14 Captain Cloutier emailed Tracey Ryan that he was still waiting on the return of the certification from the doctor.

38. On or abourt 8/25/14 Captain Cloutier received the certification from the doctor and sent it to Tracey Ryan.

39. On 8/27/2014 Captain Cloutier received a letter from the Chief Pilot Randy Bratcher dated 8/22/14 stating that Captain Cloutier's "*voluntary resignation without notice from employment with Gojet Airlines was processed on August 15, 2014 for failure to return from leave.*" Captain Cloutier had never been informed that he FMLA leave had terminated or that his request for FMLA leave was denied.

40. On 8/27/2014 Captain Cloutier emailed Randy Bratcher that he had not resigned by failing to return from leave and that he was still awaiting his medical certification from the FAA.

41. Gojet has refused to change its position.

42. Gojet and TSH cut off Captain Cloutier's and his family's medical insurance on 7/31/2014.

**Count I**
**FMLA INTERFERENCE - BY TERMINATING PLAINTIFF FROM HIS JOB**

7

43. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

44. Cloutier's Disease constitutes a "serious health condition" as defined by and within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2612.

45. Cloutier was an eligible employee under the act and had not previously taken any FMLA leave.

46. Defendants wrongfully terminated plaintiff while he was on FMLA leave or when the FMLA leave request should have been approved for the longer known period that he would have to be out on leave based upon FAA medical protocol.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 8 of 24

**Count II**
**FMLA INTERFERENCE - BY ONLY AUTHORIZING FMLA REQUESTED LEAVE IN AN AMOUNT LESS THAN THE MINIMUM TIME THAT WOULD BE REQUIRED BEFORE CLOUTIER COULD LEGALLY RETURN TO WORK**

47. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

48. Plaintiff's request for FMLA leave was because of Diabetes Mellitus, a condition that the FAA has a defined protocol to follow before a pilot may return to flying. The protocol requires the pilot to take the medicine a minimum of 60 days to insure that there are no negative side effects, an then to submit a number of tests to the FAA. The FAA then reviews the data and can then approve the airman to obtain a new FAA medical examination and be issued a medical certificate.

49. Knowing the above the defendants only placed the plaintiff on FMLA leave for approximately 50 days.

50. After being immediately informed that the 50 days would not be long enough because of the FAA protocol the defendants did not change the FMLA period.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 9 of 24

9

connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable

damages, as the Court may deem just and proper or as otherwise permitted by law.

### Count III

### FMLA INTERFERENCE - BY REQUIRING MEDICAL CERTIFICATION SOONER THEN THE MINIMUM ALLOTED TIME UNDER THE LAW

51. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

52. Chicago base manager demanded the initial FMLA certification form back only 5 days after her request.

53. The FMLA regulations, specifically 29 C.F.R. 825.305(b) requires the employer to allow the employee a minimum of 15 days to return the certification.

54. The base manager's unreasonable demand constituted interference with the plaintiff's rights under the Family Medical Leave Act.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 10 of 24

10

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 11 of 24

## COUNT IV
## FMLA INTERFERENCE - BY FAILING TO PROVIDE PLAINTIFF WITH THE REQUIRED NOTICE OF POSSIBLE CONSEQUENCES WHEN REQUESTING CERTIFICATION

55. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

56. At the time the employer requests certification of the employee's need for FMLA leave the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification under 29 C.F.R. 825.305(d).

57. The request for certification from the base manager Tracey Ryan was not accompanied by the required notices nor was the notice received by mail or email at a later time.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

## COUNT V
### FMLA INTERFERENCE - BY FAILING TO PROVIDE PLAINTIFF WITH THE REQUIRED "DESIGNATION NOTICE" and "ELIGIBILITY NOTICES"

58. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

59. Under 29 C.F.R. 825.300, each time an employer acquires knowledge that an employee leave may be for an FMLA-qualifying reason the employer must inform the employee of his eligibility and rights and responsibilities within 5 business days.

60. Plaintiff was informed of his right to FMLA leave but that was it.

61. Plaintiff was never informed, either orally or in writing of his rights and responsibilities or his obligations concerning the use of FMLA leave and the consequences of failing to meet those obligations.

62. Plaintiff was never informed of any limits for him returning any payers or any limits on the duration of his FMLA leave.

63. Plaintiff was never given notice of the Employer's designated 12-month period for counting FMLA leave entitlement.

64. Plaintiff was never given notice of the employee's consequences for failing to return a certification.

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 12 of 24

65. Plaintiff was never given information regarding the employee's right or the employer's requirement for substitution of paid leave and conditions relating to any substitution, and the employee's right to take unpaid FMLA leave if the conditions for paid leave are not met.

66. Plaintiff was never given instructions for making arrangements for any premium payments for maintenance of health benefits that the employee must make during leave or potential employee liability if the employee fails to return to work after FMLA leave.

67. Plaintiff was never given notice of his right to job restoration and maintenance of benefits.

68. The informal notice that the plaintiff had been placed on FMLA leave did not inform him of any substitution of paid leave.

69. Plaintiff was never given any notice of how the leave was being designated or how long he had available or when he was required to return form leave or what length of time the FMLA allotted him.

70. The informal notice that the plaintiff had been placed on FMLA leave had an illegal requirement that plaintiff would have to fly to the Saint Louis area, see the doctor of Gojet's choosing, be examined by him and approved to return to work by him. This requirement was also in violation of the collective bargaining agreement of the parties.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 13 of 24

13

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 14 of 24

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants'

violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to

reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to

the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in

connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable

damages, as the Court may deem just and proper or as otherwise permitted by law.


### COUNT VI
### FMLA INTERFERENCE – BY DEMANDING A RE-CERTIFICATION WHEN DEFENDANTS KNEW THAT THERE HAD BEEN NO CHANGE IN THE STATUS OF CAPTAIN CLOUTIER IN VIOLATION OF THE FMLA

71. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

72. Under the FMLA when a certification indicates that the minimum duration of the

condition is more than 30 days, an employer must wait until that minium duration expires

before requesting a recertification.

73. The certification that was submitted in June 2014 indicated that Captain

Cloutier's condition was diabetes mellitus, a permanent condition and a condition that

would require FAA approval before he could return to work.

74.  As an airline and airline holding company the defendants knew or should have known that FAA had a protocol that would take over 60 days to comply with and most likely longer.

75. Gojet should have placed Captain Cloutier on leave for a time period no less than it knew would be the minimum time he would be without FAA medical certification and unable to fly.

76. Gojet's request for a re-certification was before they could rightly ask for a recertification and was an interference with Captain Cloutier's rights under the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 15 of 24

15

## COUNT VII
### FMLA INTERFERENCE - BY DEMANDING THE RETURN OF THE ILLEGALLY REQUESTED RECERTIFICATION AFTER ONLY 13 DAYS WHEN UNDER THE FMLA, EVEN IF THE REQUEST WAS PROPER, THE DEMAND CAN BE REQUIRED TO BE RETURNED NO LESS THAN 15 DAYS LATER

77. The defendant's second demand for a recertification was improper as the defendants knew or should have known when leave was first requested that the plaintiff would not be able to return before the FAA required protocol was completed which would be more than 60 days.

78. The demand for a re-certification stated that it would have to be returned no later than 5:00 CST on 8/15/15 which only gave plaintiff 13 full days to comply.

79. The FMLA gives the employee a minimum of 15 days from the receipt of the demand.

80. Captain Cloutier did not see the demand until 8/19/14 and promptly complied.

81. Additionally, the plaintiffs did not even comply with their own demand as they terminated Captain Cloutier prior to the deadline on 8/15/14.

82. Such action by the defendants constitutes a violation of the FMLA as retaliation and interference.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 16 of 24

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law

**COUNT VIII**
**FMLA INTERFERENCE - BY FAILING TO PROVIDE PLAINTIFF WITH THE REQUIRED NOTICE OF POSSIBLE CONSEQUENCES WHEN REQUESTING THE RE-CERTIFICATION**

83. An employer is required under the FMLA to inform the employee of the possible consequences on not timely returning any requested certification.

84. Such notice must accompany every certification and recertification request.

85. Gojet and TSH did not provide Captain Cloutier with the required notice and such action constitutes interference with his rights under the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 17 of 24

17

reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to

the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in

connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable

damages, as the Court may deem just and proper or as otherwise permitted by law.

**COUNT IX**
**FMLA INTERFERENCE – DEFENDANTS DEMAND THAT CAPTAIN**
**CLOUTIER GO TO SAINT LOUIS AND BE SEEN BY THEIR DOCTOR**
**BEFORE THEY WOULD ALLOW HIM TO RETURN TO WORK WAS IN**
**DIRECT VIOLATION OF THE FMLA**

86. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

87. Defendants demands that Captain Cloutier agree to go to Saint Louis area and to

then be examined by their doctor before he would be allowed to return to work were a

direct violation of the FMLA and were designed to interfere, punish, and retaliate against

Captain Cloutier for exercising his rights under the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his

favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a

violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants'

violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to

reinstate Captain Cloutier to his previous position;

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 18 of 24

18

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**COUNT X**
**FMLA RETALIATION - BY TERMINATING CAPTAIN CLOUTIER IN RETALIATION FOR HIS EXERCISING HIS FMLA RIGHTS**

88. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

89. Gojet and TSA interfered with Captain Cloutier's rights under FMLA when they unlawfully terminated his employment.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 19 of 24

connection with the instant action; and

G. Awarding Captain Cloutier such further and additional relief, including equitable

damages, as the Court may deem just and proper or as otherwise permitted by law.

## COUNT XI
### FMLA INTERFERENCE - BY TERMINATING CAPTAIN CLOUTIER AND HIS FAMILY'S MEDICAL INSURANCE ON 7/31/2014

90. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

91. Gojet and TSH interfered with Captain Cloutier's rights under the FMLA by

terminating the health insurance of him and his family on 7/31/2014 while he was still on

FMLA leave or should have been on FMLA leave.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his

favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a

violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants'

violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to

reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier liquidated damages in an additional amount equal to

the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in

connection with the instant action; and

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 20 of 24

G. Awarding Captain Cloutier such further and additional relief, including equitable

damages, as the Court may deem just and proper or as otherwise permitted by law.

## COUNT XII
## DISABILITY DISCRIMINATION – VIOLATION OF THE ADA AS AMENDED

92. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

93. The Americans with Disabilities Act ("ADA" or "ADAAA"), 42 U.S.C. § 12101,

et seq. prohibits a covered entity from discriminating "against a qualified individual with

a disability because of the disability of such indicidual in regard to job application

procedures, the hiring, advancement, or discharge of employees, employee compensation,

job training, or other terms, conditions, and privileges of employment." 42 U.S.C. §

12112(a).

94. Plaintiff is a qualified individual with a disability as defined by the ADAAA. At

all relevant times, Plaintiff was Defendant's employee as defined by the act.

95. Plaintiff is an individual with a disability who with or without reasonable

accommodation could perform the essential functions of the employment position that he

held.

96. All the Plaintiff required as a reasonable accommodation was leave until the FAA

protocol for his return to medical certification was accomplished.

97. The defendants terminated Captain Cloutier's employment without engaging in

the required interactive process towards finding a reasonable accommodation.

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 21 of 24

21

98. The defendants refused to comply with the ADAAA both before Captain Cloutier's termination and after his termination when he reminded them of their obligations.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the ADA;

B. Enjoining and permanently restraining these violations of the ADA;

C. Awarding Captain Cloutier back wages with pre-judgment interest and lost benefits due to Defendants' violations of the ADA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier compensation for nonpecuniary losses resulting from his unlawful termination, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. . Awarding Captain Cloutier punitive damages for its malicious and reckless conduct in the maximum amount allowed by law.

G. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

H. Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**COUNT XIII**
**AGE DISCRIMINATION – VIOLATION OF ADEA**

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 22 of 24

99. Plaintiff incorporates paragraphs 1 through 86, as if fully incorporated herein.

100.    Plaintiff was treated differently than similarly situation employees who were not over the age of forty (40) or not as old as the plaintiff. For example, those employees were not denied FMLA leave for the full period that would be needed to complete FAA required medical protocols in order to get their medical certificates. Others were not terminated without the required interactive process required under the ADA.

101.    Defendants medical plan is self insured and the termination of an older worker was believed by the defendants to be a large savings in medical costs and such motivation and its acting on such motivation constituted illegal age discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the ADEA;

B. Enjoining and permanently restraining these violations of the ADEA;

C. Awarding Captain Cloutier back wages with pre-judgment interest and lost benefits due to Defendants' violations of the ADEA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E. Awarding Captain Cloutier compensation for nonpecuniary losses resulting from his unlawful termination, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 23 of 24

23

F. . Awarding Captain Cloutier punitive damages for its malicious and reckless

conduct in the maximum amount allowed by law.

G. Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in

connection with the instant action; and

H. Awarding Captain Cloutier such further and additional relief, including equitable

damages, as the Court may deem just and proper or as otherwise permitted by law.


/s/Nicholas Frenzel. . . . . . .
Attorney Nicholas Frenzel

Frenzel Law Group, Cook #55889
120 W. Madison #1407
Chicago, IL 60602
Phone 312-213-4707

ELECTRONICALLY FILED
11/30/2015 10:24 PM
2015-L-012107
PAGE 24 of 24

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to § 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

*John F. Cloutier*

John F. Cloutier