## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN CLOUTIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-01146 |
| | ) | |
| TRANS STATES HOLDINGS, INC., | ) | |
| and GOJET AIRLINES, LLC | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF DEFENDANT
## GOJET'S' MOTION TO DISMISS

### I.      INTRODUCTION

Plaintiff John Cloutier ("Plaintiff"), a union-represented pilot, and his employer, GoJet Airlines ("GoJet"), are currently arbitrating Plaintiff's claim that GoJet violated the Family and Medical Leave Act ("FMLA") and failed to provide him with a reasonable accommodation. Seeking to double his chances, however, Plaintiff has also sued GoJet and its parent company, Trans States Holdings, Inc. ("TSH")[1] alleging violations of the FMLA, Americans with Disabilities Act ("ADA"), and Age Discrimination in Employment Act ("ADEA").

As addressed below, Plaintiff's claim should be dismissed in favor of an arbitral forum for two reasons: (1) the collective bargaining agreement ("CBA") expressly requires he arbitrate his claims, and in fact he has already done so at least as to two of his three claims; and (2) his claim in Count IX is preempted by the Railway Labor Act, 45 U.S.C. § 151, *et seq.* ("RLA"). Specifically, Plaintiff is a former pilot of GoJet, an air carrier subject to the RLA, which preemptively controls all labor-related issues in the airline and railroad industries. During his employment, Plaintiff was represented by a union and covered by a CBA, which subjects all

---

[1]      For reasons unknown to Defendants, Plaintiff has also named TSH in this action. TSH has filed a separate motion to dismiss.

claims arising thereunder, including claims alleging violation of the FMLA, to mandatory arbitration before the GoJet Airlines Pilots' System Board of Adjustment ("System Board").

## II.  STATEMENT OF THE FACTS

From August of 2008 to August 15, 2014, Plaintiff was employed by GoJet as a pilot based in Chicago, Illinois.  Captain Randy L. Bratcher Decl., ¶ 3, attached hereto as Exhibit A. As a GoJet pilot, Plaintiff was a member of the International Brotherhood of Teamsters, Airline Division ("IBT"), the certified bargaining representative of GoJet's pilots under the RLA. Bratcher Decl., ¶ 6.

At all relevant times, and in accordance with the RLA, the terms and conditions of Plaintiff's employment have been governed by a CBA between the IBT and GoJet.  Bratcher Decl., ¶ 7, and Dec. Ex. 1.  Section 15.F. of the CBA expressly governs FMLA claims by GoJet pilots, and requires the company to comply with the FMLA.  Bratcher Decl., ¶ 8, and Dec. Ex. 1. Additionally, Section 15 dictates the procedure for pilots to return from medical leave, and Section 22 of the CBA governs when a pilot may be required to undertake a medical examination. Bratcher Decl., ¶ 8-9, and Dec. Ex. 1.

The grievance and arbitration procedures contained in the CBA are typical of those in the airline labor relations context.  Section 24 of the CBA establishes the procedures for filing grievances "arising under the terms of this agreement."  Bratcher Decl., ¶ 10, and Dec. Ex. 1. Grievances that are not resolved earlier in the process may be appealed to the System Board. Bratcher Decl., ¶ 11, and Dec. Ex. 1.  Under the CBA, the dispute must be submitted to arbitration before the System Board, which is chaired by a neutral arbitrator in addition to the two company and two union board members.  Bratcher Decl., ¶ 12, and Dec. Ex. 1.

On August 22, 2014, Plaintiff was notified that he was deemed to have voluntarily resigned his employment after he failed to return to duty after the end of his approved FMLA leave. Bratcher Decl., ¶ 14. On August 29, 2014, IBT and Plaintiff filed a grievance claiming GoJet had violated Section 15.F. of the CBA by constructively discharging him and failing to provide him with proper notice and time required by the FMLA for recertification, and that GoJet knew of his disability and need for reasonable accommodation at the time of his discharge. Bratcher Decl., ¶ 15, and Dec. Ex. 3. When the matter was not resolved, IBT and Plaintiff submitted the dispute to the System Board, where it is currently awaiting scheduling. Bratcher Decl., ¶ 16, and Dec. Ex. 4.

On November 30, 2015, Plaintiff filed the present lawsuit in Cook County, Illinois. *See* Pl.'s Complaint. In his Complaint, Plaintiff brings claims of FMLA interference and retaliation relating to his FMLA leave, claims of disability discrimination relating to GoJet's alleged failure to reasonably accommodate him by allowing him additional time to return his medical certification, and age discrimination claims that he was not treated the same as younger employees in regards to his FMLA leave. *Id.* Like his union grievance, Plaintiff claims that GoJet discharged him in violation of the FMLA prior to giving him the minimum time required by the FMLA to get his recertification returned to the company.

## III.   RELEVANT LEGAL STANDARD

GoJet ask this Court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Rule 12(b)(1) permits the court to dismiss an action for lack of jurisdiction over the subject matter. Fed. R. Civ. P. (12)(b)(1). When this type of challenge is made, the plaintiff asserting jurisdiction has the burden of establishing subject matter jurisdiction in order to proceed with the case. *Kontos v. United States Dept. of Labor,* 826

F.2d 573, 576 (7th Cir.1987). In a 12(b)(1) motion, the court may reference evidence outside the pleadings, including affidavits, to help it resolve disputed factual issues. *Id.* at 576.

## IV. ARGUMENT

### A. This Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claims Because Both the CBA and the RLA Require that the Dispute Be Arbitrated.

This Court does not have subject-matter jurisdiction over Plaintiff's complaint for two equally compelling reasons. First, the CBA governing Plaintiff's employment requires that claims arising under the CBA be submitted to mandatory, binding arbitration. Recent Supreme Court authority clearly establishes the validity of such collectively-bargained arbitration provisions, and courts have repeatedly recognized the arbitrability of statutory claims under similar facts as those before the Court. Second, certain claims brought by Plaintiff require interpretation of the CBA and thus are preempted by, and subject to mandatory dispute resolution under the RLA. As discussed in more detail below, for these reasons GoJet asks that this Court dismiss Plaintiff's claims in favor of arbitration.

### A. Plaintiff's CBA Requires Arbitration of His Claims in This Lawsuit.

It is undisputed that Plaintiff was a union member and bound by the terms of the CBA. Bratcher Decl., ¶ 6-7. This CBA was ratified in accordance with the terms of the RLA, and is controlled by that statute. 45 U.S.C. § 151, *et seq.* The CBA set forth the terms and conditions of Plaintiff's employment with GoJet, including leaves of absence pursuant to the FMLA, discipline, and discharge. Section 15.F. of the CBA is entitled FMLA, and provides that "the Company shall grant family and medical leaves in accordance with applicable law." Bratcher Decl., ¶ 8, and Dec. Ex. 1. Sections 15.B. and 22 set forth a procedure for pilots returning from medical leave, and by which GoJet may require a pilot to submit to a medical examination by a

Company-designated physician. Bratcher Decl., ¶ 8-9, and Dec. Ex. 1. The CBA also contains a very broad arbitration agreement. Specifically, Section 25.A of the CBA states as follows:

> In compliance with Section 204, Title II of the Railway Labor Act, as amended there is hereby established a System Board of Adjustment for the purpose of adjusting and deciding disputes which may arise under the terms of this Agreement which are properly submitted to it. This Board shall be known as the GoJet Airlines Pilots' System Board of Adjustment.

Bratcher Decl., ¶ 8-11, and Dec. Ex. 1. Pursuant to Section 25.A., IBT and Plaintiff have progressed a grievance to arbitration claiming that GoJet violated Section 15.F. of the CBA by violating the FMLA in several respects, including cancelling Plaintiff's health coverage and failing to give him the minimum time for recertification permitted by the FMLA before discharging him. Bratcher Decl., ¶15, and Dec. Ex. 3. The grievance is signed by the IBT and Plaintiff. *Id.*

In *14 Penn Plaza LLC v. Pyett*, the Supreme Court recognized that a union employee could be compelled to arbitrate his employment discrimination claims *pursuant to an arbitration provision in his CBA.* 556 U.S. 247, 260 (2009). Specifically, the Court held that a CBA that "clearly and unmistakably" required the employee to arbitrate his statutory discrimination claims was enforceable "as a matter of federal law." *Id.* at 274. The Court held that the standard was met when the CBA specifically required the arbitration of the plaintiff's ADEA claim, *i.e.*, the arbitration language and statutory reference were in the same CBA provision. *Id.*; *see also Wright v. Universal Maritime Serv. Corp.*, 525 U.S. 70 (1998) (implying that CBA would be clear and unmistakable if it "ma[de] compliance with the ADA a contractual commitment that would be subject to the arbitration clause").

Applying *Wright* and *14 Penn Plaza*, the Courts have consistently held that "for a waiver of an employee's right to a judicial forum for statutory discrimination claims to be clear and

5

unmistakable, the CBA must, at the very least, identify the specific statutes the agreement purports to incorporate **or** include an arbitration clause that explicitly refers to statutory claims." *Gilbert v. Donahoe*, 751 F.3d 303, 309 (5th Cir. 2014). In *Gilbert*, the Court required arbitration of the plaintiff's Rehabilitation Act claim pursuant to a CBA that contained a broad arbitration provision requiring arbitration of all claims arising under the CBA, and a separate provision providing that the defendant would comply with the Rehabilitation Act. *Id.* at 309.

In *Montgomery v. Compass Airlines, LLC*, a flight attendant sued her employer under the FMLA. 98 F. Supp. 3d 1012, 1018-20 (D. Minn. 2015). Compass Airlines, which, like GoJet, is a wholly owned subsidiary of TSH, argued that the CBA between Compass and the plaintiff's union, the Association of Flight Attendants ("AFA"), "clearly and unmistakably" required plaintiff to arbitrate her FMLA claims. *Id.* at 1020. Specifically, Compass argued that, while the CBA did not contain within the same paragraph a reference to the arbitration of statutory claims, it did contain specific reference to compliance with the FMLA in one paragraph of the CBA and a separate reference to arbitration of claims arising under the CBA in another. *Id.* The Court agreed, holding that because "Compass's CBA included a broad arbitration provision for claims arising under the CBA, and the CBA explicitly incorporated the FMLA in Section 14, the Court concludes that the CBA clearly and unmistakably mandates arbitration of FMLA claims." *Id.* The Court further supported its holding by noting that the plaintiff's union had already pursued her FMLA grievance to arbitration before the System Board. *Id.* at 1021; *see also Knapp v. Zachry Holding Co., Inc.*, No. 09-2261, 2010 WL 3724834, at *4 (7th Cir. 2008) (compelling arbitration of ADEA claims).

Similarly, in *Jensen v. Calumet Carton Co., Inc.*, No. 11 C 2785, 2011 WL 5078875 (N.D. Ill. Oct. 25, 2011), this Court considered similar issues in the context of a plaintiff's

6

lawsuit for sexual harassment under Title VII of the Civil Rights Act of 1964. In that case, one article of the CBA provided a broad arbitration provision and another article prohibited discrimination against an employee based on sex. *Id.* at \*3. This Court found that the CBA therefore contained "a clear and unmistakable provision requiring [plaintiff] to proceed in arbitration with such claims." *Id.* The Court granted defendants' motion to compel arbitration, dismissing the case. *Id.*

Gilbert and *Montgomery* are directly on point. Here, as in both cases, there is no dispute the CBA contains a broad arbitration provision in Section 25.A of the CBA requiring arbitration of all claims arising under the CBA. Moreover, the CBA explicitly references the FMLA in Section 15.F., and requires the company to grant leave in accordance with that law. Bratcher Decl., ¶ 8, and Dec. Ex. 1. To be sure, Plaintiff and the IBT filed a grievance, which is now awaiting arbitration, claiming that GoJet violated Section 15.F. of the CBA by "discharg[ing] [Plaintiff] prior to giving him the minimum time required by the FMLA to get recertification." Bratcher Decl., ¶ 15, and Dec. Ex. 3. Clearly, Section 15.F. requires that GoJet comply with the FMLA, and Plaintiff and the IBT believe GoJet failed to comply with the FMLA with respect to the Plaintiff. Similarly, the grievance claims that GoJet canceled Plaintiff's healthcare, just as Plaintiff alleges in Count XI of his Complaint as a violation of the FMLA. *Id.* Plaintiff's grievance also alludes to his disability discrimination claim – stating that GoJet discharged him despite that it "knew of [his] medical disability ... and the need for reasonable accommodation," suggesting he believes these claims are subject to the CBA as well. *Id.*

For these reasons, the arbitration provision in the CBA must be enforced, and Plaintiff's Complaint in this forum must be dismissed.[2]

---

[2]     The Seventh Circuit has found that it is appropriate to arbitrate claims related to arbitrable issues when they arise out of the same facts. *See Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53-54 (7th

**B.     Plaintiff's Complaint is Also Preempted by the Railway Labor Act.**

In *Hawaiian Airlines, Inc. v. Norris*, the Supreme Court recognized that Congress'

purpose in enacting the RLA was "to promote stability in labor-management relations by

providing a comprehensive framework for resolving labor disputes." 512 U.S. 246, 252 (1994).

To this end, the RLA provides for mandatory arbitration of "minor disputes," that is, disputes

growing out of grievances or out of the interpretation or application of a CBA, before any

arbitral board established by the parties (here, the SBA). *Consol. Rail Corp. v. Ry. Labor*

*Executives' Ass'n*, 491 U.S. 299, 303-04 (1989). If a dispute is minor, then it is preempted by the

RLA and the district court lacks subject matter jurisdiction over the claim. *Monroe v. Mo. Pac.*

*R.R. Co.*, 115 F.3d 514, 516 (7th Cir. 1997).

Under *Norris*, the test for determining whether a claim is a "minor dispute" preempted by

the RLA is whether resolution of the claim requires interpretation or application of a CBA.

*Monroe*, 115 F.3d at 517 (*citing Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413

(1988)). There, the Supreme Court expressly adopted the *Lingle* standard for resolving claims of

RLA preemption or preclusion. *Fry v. Airline Pilots Ass'n, Int'l*, 88 F.3d 831, 836 (10th Cir.

1996). Under well-established Supreme Court and Seventh Circuit precedent interpreting § 301,

claims which require interpretation of a CBA, or are "substantially dependent upon analysis of

the terms of an agreement made between the parties in a labor contract," are preempted or

---

Cir. 1995) (holding ADEA claim was subject to arbitration when it was related to breach of plaintiff's
employment contract which contained arbitration provision). Alternately, a stay would be most
appropriate for any claims deemed nonarbitrable. *See Morrie Mages & Shirlee Mages Found. v. Thrifty
Corp.*, 916 F.2d 402 (7th Cir.1990) (district court's refusal to stay nonarbitrable issues pending the
arbitration of related, arbitrable issues constituted an abuse of discretion), abrogated on other grounds,
*IDS Life Ins. Co. v. SunAmerica*, Inc., 103 F.3d 524, 530 (7th Cir.1996); *Volkswagen Of Am., Inc. v. Sud's
Of Peoria, Inc.*, 474 F.3d 966, 972 (7th Cir. 2007) (finding it appropriate to stay nonarbitrable issues to
avoid inconsistent rulings).

precluded by Section 301. *Lingle*, 486 U.S. at 410; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 7 (2003).

Count IX of Plaintiff's Complaint requires interpretation of the CBA. In Count IX, Plaintiff claims that GoJet violated the FMLA's return to work provisions. 29 C.F.R. § 825.312 sets forth the rules governing fitness-for-duty certifications under the FMLA, including the requirement that the employer accept a fitness-for-duty certification from the employee's physician. Section 825.312(g), however, provides **"if . . . the terms of a collective bargaining agreement govern an employee's return to work, those provisions shall be applied."** *See* 29 C.F.R. § 825.312 (g).

Here, there is no dispute that Sections 15 and 22 of the CBA governed Plaintiff's return to work. Indeed, the allegations in paragraphs 25 to 31 of Plaintiff's Complaint refer to the parties' dispute over the requirements of Section 22 of the CBA, and whether GoJet had the right under the CBA to require that Plaintiff be examined by a doctor selected by the Company before returning to work. Bratcher Decl., ¶ 13, and Dec. Ex. 2. Plaintiff now claims in Count IX that GoJet's demand that he comply with Section 22 of the CBA violated the FMLA. Here, to determine whether GoJet's demand that Plaintiff be seen by the Company doctor violated the FMLA, the Court must determine whether the Company's demand violated Section 22 of the CBA. Because Plaintiff's claims will require the interpretation of Section 22 of the CBA, his claim in Count IX is subject to mandatory arbitration before the System Board. *See Simms v. Ne. Ill. Reg'l Commuter R.R.*, 860 F. Supp. 609, 613-14 (finding that plaintiff's FMLA claims were precluded by the RLA because the claims involved interpretation of the CBA).

For these reasons, Plaintiff's claim in Count IX should be dismissed for the independent reason that it is preempted by the RLA.

## V.   CONCLUSION

WHEREFORE for the foregoing reasons Defendant GoJet Airlines respectfully requests that this matter be dismissed in its entirety and for such other relief as this Court deems just and proper under the circumstances.

Dated: February 1, 2016.                    Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART

*/s/ Rodney A. Harrison*
Rodney A. Harrison, #44566MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
rodney.harrison@ogletreedeakins.com

and

Michael D. Ray, #6285109
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60603-1891
Telephone:  312-558-1220
michael.ray@ogletreedeakins.com

*/s/ David J.A. Hayes, III*
David J.A. Hayes, III, USDC NDIL#6230976
Leslie Cavender
Trans States Holdings, Inc.
11495 Navaid Road
Bridgeton, Missouri 63044
Phone: (314) 222-4316
Facsimile: (314) 222-4311

Attorneys for Defendant
GoJet Airlines LLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Court on the 1st day of February, 2016, which sent electronic notification to all counsel of record:

Nicholas Frenzel
Frenzel Law Group
120 W. Madison, #1407
Chicago, IL 60602

Attorney for Plaintiff


/s/ Rodney A. Harrison
Attorney for Defendant


23675135.1

11