**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN CLOUTIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRANS STATES HOLDINGS, INC., )<br>and GOJET AIRLINES, LLC )<br>) | Case No. 1:16-cv-01146 |

**REPLY IN SUPPORT OF
DEFENDANT TRANS STATE HOLDINGS' MOTION TO DISMISS**

This Court lacks personal jurisdiction over Defendant Trans States Holdings, Inc. ("TSH"), because it does not conduct business in Illinois, nor did it employ Plaintiff John Cloutier ("Plaintiff"). Additionally, even if this Court had jurisdiction over TSH, Plaintiff's action must be dismissed because he failed to allege facts establishing TSH as his employer for liability under the Family and Medical Leave Act ("FMLA"), Americans with Disabilities Act ("ADA"), and Age Discrimination in Employment Act ("ADEA"). Finally, even if Plaintiff properly pleaded TSH as his employer, and the Court finds it has personal jurisdiction over TSH, Plaintiff's claims must be dismissed pursuant to the collective bargaining agreement.

In his Opposition to TSH's Motion to Dismiss, Plaintiff regurgitates scattershot facts from his affidavit, which is itself replete with hearsay and speculation, without ever coherently explaining how these "facts" create either general or specific jurisdiction. Plaintiff's "facts," even if admissible, are insufficient to establish jurisdiction because (1) they only show that TSH had contacts with Plaintiff and GoJet, and not sufficient contacts with the *forum state* – Illinois, and (2) because Plaintiff's claims do not arise out of the alleged contacts to support specific jurisdiction. Further, even if he could show that TSH was a joint and/or integrated employer, he

has failed to adequately plead these facts in his Complaint. Finally, Plaintiff's claims are nonetheless preempted by his collective bargaining agreement, which is discussed in greater detail in GoJet's Reply in Support of its Motion to Dismiss. Therefore, this Court must grant TSH's Motion to Dismiss.

A.  **Plaintiff Cannot Establish Personal Jurisdiction over TSH.**

   1.  **Plaintiff's Affidavit is Insufficient.**

As an initial matter, the majority of Plaintiff's affidavit in support of personal jurisdiction is insufficient as not based on his personal knowledge. The Northern District of Illinois has specifically found that affidavits submitted in response to a motion to dismiss for lack of personal jurisdiction "must be based on personal knowledge or comply with Rule 56." *Seaga Int'l, Ltd. v. Austway Vending Investments PTY Ltd*., No. 10 C 50103, 2011 WL 6020162, at *4 (N.D. Ill. Dec. 2, 2011), citing *Contrak, Inc. v. Paramounter Enterprises Int'l Inc.*, 201 F. Supp. 2d 846, 850 (N.D. Ill. 2002). Federal Rule of Civil Procedure 56(e) requires that "[s]upporting and opposing affidavits be made on personal knowledge, ... set forth such facts as would be admissible in evidence, and ... show affirmatively that the affiant is competent to testify to the matters stated therein."

Nowhere in Plaintiff's affidavit does he state that it is made based on his personal knowledge. And the affidavit contains numerous allegations of which Plaintiff could not have personal knowledge. For example, he testifies regarding the ownership structure of TSH, as well as TSH's internal operations, without ever stating how he has personal knowledge of these facts. *See* Ex. A to Pl.'s Memo. in Opp., at ¶¶ 4-7, 16-19 [Doc. 18]. Plaintiff's affidavit is mostly comprised of conclusory, speculative, hearsay statements, of which he does not have personal knowledge, and therefore the Court must disregard the affidavit and Plaintiff's Opposition,

which is essentially a regurgitation of the affidavit. *See No Baloney Mktg., LLC v. Ryan*, No. 1:09-CV-0200-SEB-TAB, 2010 WL 1286720, at *8 (S.D. Ind. Mar. 26, 2010) (finding plaintiffs' affidavit inadmissible and insufficient to show personal jurisdiction because it was largely comprised of hearsay and speculative statements); *Cherry Commc'ns, Inc. v. Coastal Tel. Co.*, 906 F. Supp. 452, 454-55 (N.D. Ill. 1995) (disregarding affidavit where statements appeared to be based on information from others rather than personal knowledge).

### 2. Plaintiff Fails to Establish General Jurisdiction Over TSH in Illinois.

Even if Plaintiff's affidavit were admissible, Plaintiff is unable to show general jurisdiction over TSH. To meet the general-jurisdiction requirement, TSH's affiliations with Illinois must be so "continuous and systematic" as to render it essentially at home in the state. Additionally, in *Daimler AG v. Bauman*, 134 S. Ct. 746, 761-62 (2014), the Supreme Court has clarified that general jurisdiction is rarely appropriate where the defendant company is not incorporated, nor has its principal place of business in the forum state. Plaintiff does not argue either is the case here, nor presented facts to suggest that this case is the "exceptional case" where general jurisdiction is appropriate in the absence of those factors. *Id.* at 761 n. 19.

In support of general jurisdiction, Plaintiff variously argues that TSH interacts with its subsidiaries which conduct business in Illinois, TSH's customers are located in Illinois, and TSH sends personnel to Illinois. These indicia, even if supported by an affidavit based on personal knowledge, are insufficient to establish personal jurisdiction.

First, the fact that TSH controls subsidiaries in Illinois cannot establish general jurisdiction. *See IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) ("Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent."); *see also Daimler*, 134 S.Ct. at 759-60 (finding that Ninth Circuit's agency test

3

imputing subsidiary contacts on the parent corporation "appears to subject foreign corporations to general jurisdiction whenever they have an in-state subsidiary or affiliate, an outcome that would sweep beyond even the 'sprawling view of general jurisdiction' we rejected in Goodyear."); *GoldenTree Asset Mgmt. LP v. BNP Paribas S.A.*, 64 F. Supp. 3d 1179, 1190 (N.D. Ill. 2014) ("general jurisdiction over the parent corporation must be predicated on an analysis of whether the parent corporation's affiliations with the forum state as so systematic and continuous as to make the parent—not the subsidiaries—at home in the forum state").

Second, Plaintiff's few allegations of TSH's direct connections with Illinois are insufficient under *Daimler*'s rigorous standard, under which "[s]imply proving a substantial, continuous and systematic course of business in Illinois is no longer enough." *Hayward v. Taylor Truck Line, Inc.*, No. 15-CV-00866, 2015 WL 5444787, at *5 (N.D. Ill. Sept. 14, 2015) (denying general jurisdiction where defendant employed Illinois residents, conducted business in Illinois, participated in Illinois lawsuits, and generated revenue in Illinois, because these forum activities, balanced against out-of-forum activities, did not render defendant "at home" in Illinois); *Kipp v. Ski Enter. Corp. of Wisc., Inc.*, 783 F.3d 695, 698 (7th Cir.2015) (corporation's contacts with Illinois "come nowhere close to the *Goodyear/Daimler* standard," even though the defendant attended annual trade show in Chicago, used email addresses collected at the trade show to email Illinois residents for marketing purposes, targeted Illinois customers, attracted a large number of Illinois customers to its resort, and operated a website accessible by Illinois customers). Therefore, Plaintiff cannot establish general jurisdiction in Illinois.

### 3. Plaintiff Fails to Establish Specific Jurisdiction Over TSH in Illinois.

Plaintiff's argument focuses on his claim that the Court has specific jurisdiction over TSH because TSH was involved in various aspects of his employment with GoJet. Specifically,

4

Plaintiff contends that maintenance personnel from GoJet, Compass and Trans States Airlines all perform maintenance on GoJet aircraft; TSH handles benefits for all GoJet employees; his personnel file was in the possession of TSH following his termination; TSH employees conducted drug testing of GoJet pilots; and TSH maintains the pilot and flight attendant manuals for GoJet pilots and flight attendants. These alleged contacts between TSH and GoJet, even if supported by competent evidence, fail to establish specific jurisdiction for two reasons.

First, there can be no dispute that Plaintiff's claims in this lawsuit do not arise out of these contacts. *See LaSalle Nat. Bank v. Vitro, Sociedad Anonima*, 85 F. Supp. 2d 857, 861 (N.D. Ill. 2000) ("The claims in the complaint must relate to, or arise out of, the contacts with the forum.") Plaintiff's only allegations of TSH's involvement that could possibly relate to his claims in this case are (1) the vague, hearsay statement that Randy Bratcher told him unknown management at TSH (which he earlier argues is the same as management at GoJet) "wanted his termination," and (2) his speculative allegation that his FMLA leave was handled by TSH because his base manager, whom he acknowledges was employed by GoJet and handled his FMLA leave according to his Complaint, allegedly referred one FMLA question to a TSH employee. Neither of these facts, even if admissible, is sufficient to establish specific jurisdiction over TSH. In *LaSalle*, the court found a similar argument unpersuasive. 85 F. Supp. 2d at 861. Specifically, plaintiff implied that its current claims related to specific debts in Illinois. The court noted "[i]f true, you would expect that the complaint would discuss some of the details and facts concerning such debts. Yet, as we read the complaint, it focuses solely on how those debts were later treated in the sale….and does not hinge on anything unique to those debts." *Id*. Similarly, here, Plaintiff makes no mention of either of these alleged facts in his Complaint.

5

Second, the alleged contacts largely only suggest interaction between the parties, rather than contacts between TSH and *Illinois*. See *RAR, Inc. v. Turner Diesel, Ltd.,* 107 F.3d 1272, 1278 (7th Cir. 1997) ("specific jurisdiction is not appropriate merely because a plaintiff's cause of action arose out of the general relationship between *the parties*; rather, the *action* must directly arise out of the specific contacts between the *defendant* and *the forum state*.") (internal quotations omitted) (emphasis added); *Lake Lite Inc. v. Universal Forest Prods., Inc*., No. 1:14-CV-337 JD, 2015 WL 4626919, at *4 (N.D. Ind. Aug. 3, 2015) ("Conspicuously absent from this account, however, is any mention of how [defendant's] conduct connected it to Indiana, instead of just to a party that happened to be a citizen of Indiana. In fact, Mr. Martzall's affidavit—the sole support [plaintiff] offered in response to the motion to dismiss—does not even use the word "Indiana," nor does that word appear in the statement of facts in [plaintiff's] response brief"). Here, Plaintiff's only mention of Illinois in his affidavit is his statement that he, personally, is an attorney licensed to practice in Illinois.

Citing *Cuff v. Trans States Holdings, Inc.,* Plaintiff also argues personal jurisdiction is proper because he was jointly employed by GoJet and TSH. Case No. 10 C 1349 (N.D. Ill. July 8, 2010). *Cuff* involved an FMLA claim brought by a former regional manager based at Chicago's O'Hare airport who performed work for the two airlines owned by TSH at the time, GoJet and Trans States Airlines ("TSA"). 816 F. Supp. 2d 556, 560 (N.D. Ill. 2011), affirmed in *Cuff v. Trans States Holdings, Inc*., 768 F.3d 605, 608 (7th Cir. 2014). Cuff was identified as an employee of TSH in emails, was supervised by an employee of TSH, worked for both GoJet and TSA, and had a business card identifying him as an employee of TSH, GoJet, and TSA. His FMLA leave was initially approved, and then disapproved by his supervisor, a TSH employee, and his termination letter was signed by that same supervisor. *Id.* at 560-61.

6

The court found that plaintiff established a prima facie case of specific jurisdiction because Plaintiff sufficiently pled that TSA, GoJet, and TSH jointly employed, supervised, and terminated him, and "the suit alleges that TSH violated the law in this supervision and termination, so the suit arises out of TSH's contacts with Illinois and specific jurisdiction is appropriate." *Id*. at *4. Specifically, plaintiff argued that his supervisor, who terminated his employment and was directly involved in decisions regarding plaintiff's FMLA leave (the source of plaintiff's claims in that case), was a TSH employee. *Id*. The court also noted that plaintiff's termination letter was sent on TSH letterhead. *Id*. Therefore, the court found that specific jurisdiction existed over TSH. *Id*.[1]

Plaintiff does not, and cannot, plead facts like those in *Cuff*. Plaintiff admits that TSH was not his direct employer. *See* Pl.'s Memo. in Opp., p. 4 [Doc. 18]. Further, Plaintiff was a pilot, not a regional manager, and Plaintiff makes no assertions that he represented TSH to external entities, nor that he performed services to TSH. He claims merely that TSH and GoJet are an integrated employer because the companies were interrelated and there was some centralized functions performed by TSH. Therefore, *Cuff* is inapplicable to this case.

---

[1] Although Plaintiff does not discuss it in his brief, the court in *Cuff* also found that a joint-employer relationship existed between TSH, GoJet, and TSA such that the three entities combined met the 50-person threshold under the FMLA. Again, this conclusion was based on the finding that Cuff "was employed for the benefit of GoJet and TSA and did the same work for both airlines, in that he represented them in their dealings with United Express and the Department of Homeland Security; and that "Defendants held Cuff out as their joint employee by representing him as such on Cuff's business card and in [his supervisor's] email." Affirming the finding of joint employment, the Seventh Circuit focused on the fact that Cuff's business card bore the logo of all three firms, Cuff was hired to provide services to both Trans States Airlines and GoJet, and Cuff was held out internally and externally as a representative of all entities. *Cuff*, 768 F.3d at 608 (7th Cir. 2014). Here, in contrast, Plaintiff is a GoJet pilot. He does not allege or ever suggest that he performed work for any airline other than GoJet, or that anyone other than GoJet's Chief Pilot supervised his employment. Plaintiff does not, and cannot, argue that ***any*** individual identified in his Complaint – Tracey Ryan, Randy Bratcher, and Steven Briner – is employed by TSH. Plaintiff does not, and cannot, allege that his August 27, 2014, letter, informing of his termination was on TSH letterhead. Therefore, Plaintiff fails to present any argument to support specific jurisdiction over TSH.

B.  **Plaintiff Failed to Plead TSH Was His Employer Under a Joint or Integrated Employer Test.**

In his Opposition, Plaintiff does not argue that his Complaint alleged sufficient facts to establish TSH as a joint or integrated employer. Rather, Plaintiff ignores the well-pleaded complaint requirement altogether, arguing instead that TSH was an integrated employer under the FMLA,[2] an argument which is based solely on Plaintiff's inadmissible representations in his affidavit. Plaintiff cannot now assert new allegations to bolster his complaint in his response to TSH's motion to dismiss. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *see also Smith v. Hearn*, No. 04 C 8297, 2005 WL 1564984, at *2 (N.D. Ill. June 6, 2005) (quoting *Car Carriers*). That Plaintiff found it necessary to include this affidavit at all only supports TSH's argument that his Complaint inadequately pleads TSH's status as a joint or integrated employer.

Even, however, were the Court to consider Plaintiff's supplemental "facts," they are insufficient to state a claim of joint or integrated employment. Specifically, Plaintiff alleges that GoJet and TSH have the same President, General Counsel, and CFO; maintenance personnel from all three airlines perform work on each other's airplanes; and Plaintiff was told his personnel file would be given to him by the Regional Manager. In *Jefferson v. Ingersoll International, Inc.*, the court found no integrated employment relationship despite that the parent and subsidiary shared a single fringe-benefits coordinator and a computer system; the parent formulated personnel policies for the subsidiary; and overlap among officers between the

---

[2] In his Opposition, Plaintiff appears to argue only that TSH is an integrated employer for purposes of FMLA liability, without any discussion of ADA or ADEA liability. *See* Pl.'s Opp. at 4 [Doc. 18]. Elsewhere, Plaintiff argues that the Court has jurisdiction over TSH because it is a "joint employer" under "Title VII and the FMLA." *See* Pl.'s Memo in Opp. at 4. Since there are no Title VII claims at issue in this case, TSH assumes that Plaintiff concedes that TSH was not an employer under the ADA or ADEA.

companies. No. 98 C 50042, 2000 WL 28256, at *8 (N.D. Ill. Jan. 4, 2000). Therefore, Plaintiff's suggestions of integration are insufficient to establish an integrated employment relationship between GoJet and TSH.

      **C.**    **Conclusion.**

Plaintiff fails to establish that TSH is subject to personal jurisdiction in Illinois. And, even if he did, Plaintiff failed to allege that TSH is a joint or integrated employer in his Complaint, and TSH must be dismissed for that reason. Finally, and as discussed in more detail in GoJet's Memorandum in Support of its Motion to Dismiss, and Reply in Support, Plaintiff's claims are preempted by virtue of the CBA in place between the parties.

For all the foregoing reasons, Defendant's Motion to Dismiss should be granted.

Dated: March 28, 2016.                         Respectfully submitted,

                                                    OGLETREE, DEAKINS, NASH,
SMOAK & STEWART

*/s/ Rodney A. Harrison*
Rodney A. Harrison, #44566MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone: 314-802-3935
Facsimile: 314-802-3936
rodney.harrison@ogletreedeakins.com

and

9

        Michael D. Ray, #6285109
        155 N. Wacker Drive, Suite 4300
        Chicago, Illinois 60603-1891
        Telephone: 312-558-1220
        michael.ray@ogletreedeakins.com

        */s/ David J.A. Hayes, III*
        David J.A. Hayes, III, USDC NDIL#6230976
        Leslie Cavender, #63461MO
        Trans States Holdings, Inc.
        11495 Navaid Road
        Bridgeton, Missouri 63044
        Phone: (314) 222-4316
        Facsimile: (314) 222-4311

        Attorneys for Defendant
        Trans States Holdings, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Court on the 28th day of March, 2016, which sent electronic notification to all counsel of record:

        Nicholas Frenzel
        Frenzel Law Group
        120 W. Madison, #1407
        Chicago, IL 60602

        Attorney for Plaintiff

        */s/ Rodney A. Harrison*
        Attorney for Defendant

24242590.1