IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN CLOUTIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-01146 |
| ) | |
| TRANS STATES HOLDINGS, INC., ) | |
| and GOJET AIRLINES, LLC ) | |
| ) | |

**REPLY IN SUPPORT OF
DEFENDANT GOJET AIRLINES, LLC'S MOTION TO DISMISS**

Plaintiff's claims in this case must be dismissed in accord with *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) because Plaintiff is party to a collective bargaining agreement ("CBA") that "clearly and unmistakably" requires he arbitrate his FMLA claim.[1] Also, Plaintiff's claim in Count IX must be dismissed because it requires interpretation of the CBA, meaning that the Railway Labor Act ("RLA") preempts the claim. Plaintiff's sole argument in opposition to GoJet's Motion appears to be that the CBA does not require Plaintiff to arbitrate his FMLA claim. In support of this argument, Plaintiff claims that "[t]he contract never mentioned the FMLA," and he cites two cases outside of this circuit, which he claims are determinative on the issue.[2]

As an initial matter, Plaintiff fails to address the merits of GoJet's argument that Count IX must be dismissed because it requires interpretation of the CBA. Plaintiff's response to

---

[1] As addressed in GoJet's Opening Brief, although the CBA does not specifically cite the ADA or ADEA, these claims should also be arbitrated as substantially related to the facts at issue FMLA claims, *see Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 53-54 (7th Cir. 1995); or stayed pending arbitration.

[2] Plaintiff also argues that GoJet's attorneys acted unethically by failing to cite the two district court case outside this circuit that he believes are controlling, apparently suggesting that this as grounds for this Court to deny GoJet's Motion.

GoJet's *Penn Plaza* argument ignores the fact that the CBA *expressly references* the "FMLA" in the title of Section 15.F., includes a broad clause requiring arbitration, and that Plaintiff and his union filed a grievance claiming that GoJet violated Section 15.F. of the CBA by failing to comply with the FMLA. Additionally, the cases that Plaintiff cites in support of his argument are distinguishable and run contrary to the more recent case law cited by GoJet in its Opening Brief. Finally, Plaintiff's references to the distinctions (and perceived disadvantages) of the arbitral forum are precisely those concerns that the Supreme Court rejected in *Penn Plaza*.

A.  **Plaintiff's Affidavit is Inadmissible and/or Irrelevant.**

As an initial matter, the majority of Plaintiff's affidavit in support of his Opposition is insufficient as not based on his personal knowledge. *See* Fed. R. Civ. P. 56(e) ("[s]upporting and opposing affidavits [must] be made on personal knowledge, ... set forth such facts as would be admissible in evidence, and ... show affirmatively that the affiant is competent to testify to the matters stated therein."). Nowhere in Plaintiff's affidavit does he state that it is made based on his personal knowledge. In addition to items of which Plaintiff clearly does not have personal knowledge, the affidavit contains numerous paragraphs of speculation and conjecture. *See* Ex. A to Pl.'s Memo. in Opp., at ¶¶ 6-10, 16, 22, 28-30 [Doc. 17]. These paragraphs are therefore inadmissible. *See No Baloney Mktg., LLC v. Ryan*, No. 1:09-CV-0200-SEB-TAB, 2010 WL 1286720, at *8 (S.D. Ind. Mar. 26, 2010) (finding plaintiffs' affidavit inadmissible and insufficient to show personal jurisdiction because it was largely comprised of hearsay and speculative statements); *Cherry Commc'ns, Inc. v. Coastal Tel. Co.*, 906 F. Supp. 452, 454-55 (N.D. Ill. 1995) (disregarding affidavit where statements appeared to be based on information from others rather than personal knowledge). Finally, the affidavit is largely irrelevant as concerning the merits of the case, rather than the issues brought up in GoJet's Motion to Dismiss.

**B.     The Case Law Supports Arbitration.**

    **1.     A Plain Reading of the CBA Requires Arbitration of Plaintiff's Claims.**

Despite Plaintiff's vigorous assertions to the contrary, the CBA *directly and expressly references the FMLA*. *See* Bratcher Dec., at Ex. 3 [Doc. 8-1, at p. 12]. Section 15.F. provides:

> **Family and Medical Leave (FMLA)**
>
> The Company shall grant family and medical leaves in accordance with applicable law.

*Id.* (emphasis added). The use of the term FMLA, especially in the context of "family and medical leave" and "applicable law," clearly references the Family and Medical Leave Act. Plaintiff does not, and cannot, suggest any alternative interpretation of this term's appearance in the CBA. To be sure, Plaintiff and IBT filed a grievance under the CBA claiming that GoJet violated 15.F. by violating the FMLA.[3] *See* Bratcher Dec., at Ex. 3 [Doc. 8-1, at p. 31] (alleging GoJet discharged him before "giving him the minimum time required by the FMLA to get a recertification"). The CBA's statutory reference, coupled with the broad arbitration provision in the CBA, requires arbitration of Plaintiff's FMLA claims. *See Montgomery v. Compass Airlines, LLC,* 98 F. Supp. 3d 1012, 1018-20 (D. Minn. 2015) (because "Compass's CBA included a broad arbitration provision for claims arising under the CBA, and the CBA explicitly incorporated the FMLA in Section 14, the Court concludes that the CBA clearly and unmistakably mandates arbitration of FMLA claims"); *Jensen v. Calumet Carton Co., Inc.,* No. 11 C 2785, 2011 WL 5078875 (N.D. Ill. Oct. 25, 2011) (requiring arbitration where one article provided a broad arbitration provision and another prohibited sex discrimination); *Gilbert v.*

---

[3] The company and union are currently awaiting the outcome of the present action before arbitrating, in order to determine which claims will be arbitrated and appropriate scheduling based on these claims.

*Donahoe*, 751 F.3d 303, 309 (5th Cir. 2014) (requiring arbitration of Rehabilitation Act claim where CBA provided that defendant would comply with the Act).

### 2. The Collateral Estoppel Doctrine Does Not Apply.

Plaintiff cites cases from the Southern District of Iowa and the District of Minnesota, and argues that GoJet is collaterally estopped from arguing that the CBA requires arbitration of his FMLA claim. *See South v. GoJet Airlines, LLC*, No. 4:12-CV-00378-JEG, 2013 WL 6253582 (S.D. Iowa Sept. 30, 2013); *Bradley v. Compass Airlines, LLC*, No. 12-CV-2471 SRN/JSM, 2013 WL 2443848 (D. Minn. June 5, 2013).[4]

The doctrine of collateral estoppel bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Estate of Melin v. Wash. Nat'l Ins. Co.*, No. 14 C 1238, 2015 WL 1260137, at *4 (N.D. Ill. Mar. 17, 2015) (internal quotations omitted), quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

The particulars of *South* establish both that collateral estoppel is inapplicable, and more generally, that this Court should not find its reasoning persuasive. Unlike in *South*, where plaintiff brought only a claim for FMLA retaliation, Plaintiff here brought claims for failure to follow the procedures set forth in the FMLA. *Compare* 2013 WL 6253582, at *2, *with* Pl.'s Complaint [Doc. 1-2]. In *South*, there was no evidence before the court that the union, the company, and the plaintiff all interpreted section 15.F. of the CBA to ***require*** contractual

---

[4] As an initial matter, the Seventh Circuit has noted "district judges in this circuit must not treat decisions by other district judges, in this and a fortiori in other circuits, as controlling, unless of course the doctrine of res judicata or of collateral estoppel applies." *Colby v. J.C. Penney Co*., 811 F.2d 1119, 1124 (7th Cir. 1987) (emphasis in original). "Such decisions will normally be entitled to no more weight than their intrinsic persuasiveness merits." Id. Indeed, in the case cited by Plaintiff, *Thul v. Indymac Mortg. Servs.,* No. 12 C 6380 [Doc. 44] (N.D. Ill. Jan. 2, 2013), the defendant failed to cite a "recent and controlling Seventh Circuit decision." Neither *South* nor *Bradley* is a Seventh Circuit decision (indeed, neither decision was even in the Seventh Circuit).

4

compliance with the FMLA's procedures in administering leave. Here, in contrast, there is indisputable evidence that Plaintiff and his union clearly understood Section 15.F. of the CBA to require that GoJet comply with the procedures of the FMLA in administering Plaintiff's leave. To be sure, Plaintiff and union filed a grievance stating the company failed to give Plaintiff "the minimum time required by the FMLA to get a recertification." *See* Bratcher Dec., at Ex. 3 [Doc. 8-1, at p. 31]. The grievance specifically identifies Section 15.F. as a "Provision[s] of the Contract Violated." *Id*.

In *South*, the court further focused on the fact that "the final arbitration did not render a decision pertaining to [plaintiff's] FMLA claim." 2013 WL 6253582, at *4 (emphasis added). The court specifically noted that the grievance arbitration did not consider plaintiff's FMLA claim at all – but rather the arbitrator found that GoJet failed to meet its burden to establish plaintiff engaged in chronic absenteeism. *Id*. The Court found "[t]he arbitrator did not make a final determination on [plaintiff's] FMLA claim, and accordingly, the Court retains jurisdiction over this matter." *Id*. Here, in stark contrast, Plaintiff's grievance arbitration hearing has not taken place, and his grievance is clearly predicated on a violation of his FMLA rights. Because the Court in *South* based its decision on the particular facts of the grievance in that case – facts which do not exist here – collateral estoppel is inapplicable. *See Goodwin v. Bd. of Trustees of Univ. of Ill*., 442 F.3d 611, 621 (7th Cir. 2006) (where issues were similar to previously-litigated issues, but not identical, collateral estoppel did not apply).

Further, to the extent that Plaintiff argues that *South* collaterally estops GoJet's RLA preemption argument (it is unclear from his Opposition), Plaintiff is misguided. The facts surrounding plaintiff's FMLA leave in *South* were completely different from Plaintiff's claims here, which require an entirely different type of contract interpretation under the CBA. In *South*,

5

the court merely found that there was no need for interpretation of the CBA provision that GoJet will "grant family and medical leaves in accordance with applicable law." 2013 WL 6253582, at *5. Defendants in that case suggested that plaintiff's claims required interpretation of Sections 13, 14, 15, and 23. *See* Defs.' Memo. in Supp. of Mot. to Dismiss, *South v. GoJet Airlines, LLC*, No. 4:12-CV-00378-JEG [Doc. 9-1], at 11 (S.D. Iowa Sept. 24, 2012). In his Complaint here, Plaintiff expressly cites the parties' dispute over a different section – Section 22 of the CBA – which concerns examination by a company doctor prior to returning to work, and Plaintiff claims an FMLA violation in relation to GoJet exercising its rights under this Section. *South* is thus inapplicable to the analysis of whether the facts in *this case* require interpretation of *Section 22 of the CBA*, which would mean that Plaintiff's claims are preempted by the RLA.

*Bradley* is even less applicable to this situation. That case involved a race-discrimination claim by a Compass employee. The CBA at issue made no mention of the statute under which the employee brought his claim. 2013 WL 2443848, at *5. In contrast, the CBA in this case specifically mentions a statute under which Plaintiff brings his claims, *e.g.*, the FMLA. Accordingly, this case is much more similar to the District of Minnesota's later decision in *Montgomery*, finding that a CBA which included a broad arbitration provision and a specific reference to the FMLA required arbitration of the FMLA claim.[5]

---

[5] Additionally, collateral estoppel is inapplicable where, as here, there has been a change in the relevant legal principles in the intervening period, even in cases involving identical contracts, facts, issues, and parties. *C.I.R. v. Sunnen,* 333 U.S. 591, 602 (1948); *Mejdrech v. Lockformer Co., a div. of Met-Coil Systems Corp.*, No. 01 C 6107, 2003 WL 22078392, at *4 (N.D. Ill. Sept. 5, 2003) ("[c]ollateral estoppel may not be applied when there is a change in the controlling facts or applicable legal rules."). Here, even if the Court does find the legal and factual issues to be the same as in *South*, the *Montgomery* case clearly establishes that that new case law could lead to an alternate outcome from the same facts and legal issues.

*See Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1019 (D. Minn. 2015).[6]

### C. Plaintiff's Other Arguments Against Preemption Are Inapposite.

Plaintiff's Opposition dedicates much discussion to the fact that Plaintiff's rights under the CBA, and in arbitration, are different than they are under the FMLA, ADA, and ADEA, in a court forum. *See* Pl. Memo. in Opp., at pp. 11-13. He further states that arbitration would deprive him "of his statutory rights to have his discrimination claims addressed in a court of law," citing *Gardner-Denver* in support of his argument. *See* Pl. Memo. in Opp., at p. 11. These concerns, however, were the exact views that the Supreme Court found "rested on a misconceived view of arbitration that this Court has long since abandoned" in *Penn Plaza*. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 265 (2009). The Court specifically found that *Gardner-Denver* "erroneously assumed that an agreement to submit statutory claims to arbitration was tantamount to a waiver of those rights," and mistakenly suggested that arbitration was an inappropriate forum for Title VII because the procedures differed from those in courts. *Id*. at 265-68. Plaintiff cannot resort to the outmoded tropes of arbitration that the Court expressly discarded in *Penn Plaza*. The Supreme Court has repeatedly held that arbitration is an appropriate forum for statutory claims where an applicable CBA requires that the claims be arbitrated.

---

[6] Plaintiff's argument that the Court should deny GoJet's Motion because defense counsel violated ABA rule is easily rejected. ABA rule 3.3 requires a party to "disclose to the tribunal legal authority in the *controlling jurisdiction* known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel." ABA Rules of Professional Conduct 3.3(a)(2) (emphasis added); *see also Mid-Am. Title Co. v. Kirk*, No. 86 C 2853, 1991 WL 11666360, at *11 (N.D. Ill. Nov. 26, 1991) (party's failure to cite another Northern District of Illinois court case was not ethical violation because it was only "persuasive precedent"), rev'd and remanded on other grounds sub nom. *Mid Am. Title Co. v. Kirk*, 991 F.2d 417 (7th Cir. 1993).

**D.      Conclusion.**

WHEREFORE for the foregoing reasons Defendant GoJet Airlines respectfully requests that this matter be dismissed in its entirety and for such other relief as this Court deems just and proper under the circumstances.

Dated: March 28, 2016.                    Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART

*/s/ Rodney A. Harrison*
Rodney A. Harrison, #44566MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
rodney.harrison@ogletreedeakins.com

and

Michael D. Ray, #6285109
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60603-1891
Telephone:  312-558-1220
michael.ray@ogletreedeakins.com

*/s/ David J.A. Hayes, III*
David J.A. Hayes, III, USDC NDIL#6230976
Leslie Cavender, #63461MO
Trans States Holdings, Inc.
11495 Navaid Road
Bridgeton, Missouri 63044
Phone: (314) 222-4316
Facsimile: (314) 222-4311

Attorneys for Defendant
GoJet Airlines, LLC

**CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Court on the 28th day of March, 2016, which sent electronic notification to all counsel of record:

    Nicholas Frenzel
    Frenzel Law Group
    120 W. Madison, #1407
    Chicago, IL 60602

    Attorney for Plaintiff

              */s/ Rodney A. Harrison*
              Attorney for Defendant

24259602.1

Case: 1:16-cv-01146 Document #: 20 Filed: 03/28/16 Page 9 of 9 PageID #:219