**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN CLOUTIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:16-cv-01146 |
| | ) | |
| TRANS STATES HOLDINGS, INC., | ) | |
| and GOJET AIRLINES, LLC | ) | |
| | ) | |

**DEFENDANT TRANS STATES HOLDINGS, INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT**

COMES NOW Defendant Trans States Holdings, Inc. ("TSH"), by its undersigned

attorneys, and for its Answer and Defenses to Plaintiff's Complaint, states as follows:

**NATURE OF ACTION**

1.       This is an action for damages and injunctive relief caused by the Defendants'

unlawful termination of Plaintiff in violation of the Family and Medical Leave Act of 1993, 29

29 U.S.C. § 2615 ("FMLA"), the Americans with Disabilities Act of 1990, as amended ("ADA"

or "ADAAA"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et

seq.

**ANSWER:** The allegations in paragraph 1 of Plaintiff's Complaint state legal

conclusions to which no response is required.  To the extent a response is required, TSH denies

the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.       The unlawful employment practices described herein were committed within the

State of Illinois, at Defendants' facility at O'Hare International Airport, in Chicago, Illinois

against the Plaintiff who was employed by the defendant at its O'Hare location in Chicago.

**ANSWER:** The allegations in paragraph 2 of Plaintiff's Complaint state legal

conclusions to which no response is required.  To the extent a response is required, TSH denies the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and age discrimination. All conditions precedent to the institution of this lawsuit have been fulfilled, including receipt by Plaintiff of a Right to Sue Letter issued by the EEOC. The Right to Sue Letter was issued in September of 2015 and this action was instituted within 90 days.

**ANSWER:** The allegations in paragraph 3 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, TSH admits Plaintiff brought this action on or about November 30, 2015.  TSH denies the remaining allegations contained in paragraph 3 of Plaintiff's Complaint.

## PARTIES

4.      Captain Cloutier was employed by Defendants beginning on or about August 18, 2008 until his termination on or about August 15, 2014. Captain Cloutier was hired by Defendant GoJet Airlines LLC as a pilot and was an "employee" of Defendants TSH and GoJet within the meaning of 29 U.S.C. § 2611(2)(A).

**ANSWER:** TSH denies the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Captain Cloutier is an "eligible employee' under 29 § 2611(2)(B)(ii) because Defendants TSH and GoJet together and/or separately employ more than 50 employees within 75 miles of his worksite.

**ANSWER:** The allegations in paragraph 5 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, TSH denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

2

6.      Captain Cloutier is an "eligible employee" under 29 § 2611(2)(D) because in the 12 months prior to his taking FMLA leave he worked not less than 60% of the monthly guarantee and was paid no less than 504 hours.

**ANSWER:** The allegations in paragraph 6 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, TSH denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Defendant TSH is a corporation doing business in the State of Illinois, engaged in an industry affecting commerce, with a facility located at O'Hare International Airport in Chicago, Illinois.

**ANSWER:** The allegations in paragraph 7 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, TSH admits that it is a corporation, but denies the remaining allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      Defendant GoJet Airline LLC is a Missouri LLC doing business in the State of Illinois, engaged in an industry affecting commerce, with a facility located at O'Hare International Airport in Chicago, Illinois and is registered with the Illinois Secretary of State as a foreign LLC.

**ANSWER:** The allegations in paragraph 8 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, TSH denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.      Both TSH and Gojet are in the airline industry. Defendant GoJet is a fully-owned subsidiary of Defendant TSH, the holding company. GoJet is a regional airline that operates flights as United Express and Delta Connection.

**ANSWER:** TSH denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

## FACTUAL ALLEGATIONS

10.     Captain Cloutier was hired by GoJet and began working on or about August 18, 2008 as a pilot, a Captain on the CRJ-700 aircraft.

**ANSWER:** TSH denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     In the year prior to June 2014 Captain Cloutier worked for the Defendants on a full-time basis, and had worked or been paid more than 60 percent of his applicable monthly guarantee and worked or been paid for not less than 504 hours.

**ANSWER:** TSH denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     The Defendants employ more than 50 employees within 75 miles of Cloutier's worksite.

**ANSWER:** TSH denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.      GoJet employs more than fifty employees at O'Hare International Airport.

**ANSWER:** TSH admits the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Cloutier has been diagnosed with Diabetes Mellitus.

**ANSWER:** TSH is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint and therefore denies same.

15.     The diagnosis of Diabetes Mellitus is a disease that prohibited him from operating an aircraft until the Federal Aviation Administration's Aerospace Medical Certification Division

4

reviewed certain medical tests to verify that the Diabetes was well controlled.

**ANSWER:** TSH is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint and therefore denies same.

16. In order for the FAA ACME to approve the return to flying of a pilot with Diabetes, the pilot must be on his medication a minimum of 60 days and suffer no disqualifying side effects.

**ANSWER:** TSH is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint and therefore denies same.

17. Once the pilot has been on the required medicine a minimum of 60 days, certain information must be sent to the FAA Airman Aerospace Medical Certification Division. In order to get the AMCD approval there must be a report from the treating physician containing a statement regarding the medication used, dosage, the absence or presence of side effects and clinically significant episodes. It must contain an AIC hemoglobin test and a determination regarding the presence of cardiovascular, neurological, renal, and/or ophthalmological disease. There must also be 30 days of blood sugar tracking,

**ANSWER:** TSH is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint and therefore denies same.

18. Captain Cloutier submitted a request for FMLA leave on 12 June 2014 for his Diabetes to the Base Manager, Tracey Ryan.

**ANSWER:** TSH denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. In his request for FMLA leave, Captain Cloutier informed the base Manager, Tracey Ryan, that for his medical condition and the medicine upon which he was being placed,

the FAA required that he be on the medicine a minimum of 60 days, and to then submit the results of his medical examinations to the FAA. The FAA would then evaluate the test results and issue the required FAA medical certificate.

**ANSWER:** TSH denies allegations contained in paragraph 19 of Plaintiff's Complaint.

20.    It is unlawful for anyone to pilot an aircraft without an FAA medical certificate.

**ANSWER:** The allegations in paragraph 20 of Plaintiff's Complaint state legal conclusions to which no response is required.   To the extent a response is required, TSH denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.    The defendants are in the airline industry and knew or should have known that a pilot would not be able to pilot an airplane before the FAA approved his return by issuing a new medical certificate.

**ANSWER:** TSH denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.    On 12 June 2014 the Base Manager, Tracey Ryan, requested that Captain Cloutier obtain an FMLA medical certification and return it back to her by 17 June 2014, only 5 days later. By the terms of the FMLA an employee must be given a minimum of 15 days to return the certification. The email did not include the required notice under the FMLA of the possible consequences of not returning the certification in a timely manner.

**ANSWER:** TSH denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

23.    GoJet is an airline and is familiar with FAA requirements regarding pilot medical certifications with the FAA and knew that Captain Cloutier would not be able to return to work as a pilot until cleared not only by his regular doctor, but also by an FAA designated medical

examiner, and by the FAA AMCD.

**ANSWER:** TSH denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     GoJet knew that, even if his regular doctor told him that he could return to work immediately that Captain Cloutier would still not be able to return to work as a pilot until the protocol that the FAA has for pilots being diagnosed with diabetes was completed. The protocol included a minimum of 60 days on the medicine to determine if any side effects were present, the ruling out of any organ damage, and the collection of data showing that the diabetes was well controlled. Additionally, the AIC test would have to have a reading of less than 9. Then another medical exam by an FAA Designated Medical Examiner. After that, all the data is submitted to the FAA AMCD for approval, which can take, and usually does take, several weeks.

**ANSWER:** TSH is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint and therefore denies same.

25.     Captain Cloutier received an email from the Base Manager in Chicago stating that the FMLA leave had been approved and was being backdated to 6/11/14 and that she would update his schedule for FMLA leave from 6/11/14 to 7/31/14.  She also stated that pursuant to the Pilot's Collective Bargaining Agreement that he would be required to submit to a medical examination at GoJet's regular doctor in Maryland Heights, MO before his return. The email did not contain any other notices.

**ANSWER:** TSH denies allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Captain Cloutier immediately responded by email to the Base Manager, Tracey Ryan, that he would not be able to return on 8/1/14 as he would require a minimum of 60 days on the medicine and then the thee for the FAA to review the medical results and issue the FAA

Medical Certificate.

**ANSWER:** TSH denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Captain Cloutier also responded by email that the Collective Bargaining Agreement did not require that he be examined by a company designated doctor prior to return for FMLA leave and, in fact, specifically stated that they could not require such an examination.

**ANSWER:** TSH denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     Shortly after the base manager, Tracey Ryan, emailed that she required a yes or no response as to whether Captain Cloutier was going to comply with the company's demand that he be examined by their doctor prior to his return from FMLA leave, Captain Cloutier did not see the email.

**ANSWER:** TSH denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     On June 25, 2014 Captain Cloutier received a phone call from the new Chief Pilot, Randy Bratcher, Captain Cloutier did not know that Bratcher was the new Chief Pilot. Bratcher informed Captain Cloutier that the base manager was on vacation and the VP of Operations, Steven Briner, was handling her duties and he had sent an email to Captain Cloutier that he had not responded to demanding that he respond to the previous yes or no demand of the base manager. Bratcher told him that he had until 5:00 pm to respond and that he needed to respond that he would comply.

**ANSWER:** TSH denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Captain Cloutier did respond to the email stating that he would comply with the requirements of the Collective Bargaining Agreement.

**ANSWER:** TSH denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. The VP of Operations, Steven Briner, responded back that Captain Cloutier had not complied with his demand.

**ANSWER:** TSH denies the allegations contained in paragraph 31 of Plaintiff's Complaint.

32. On July 31, 2014 Captain Cloutier received a call from Crew Scheduling asking about his return the next day. Captain Cloutier informed them that he would not be returning the next day and that he had previously informed the company that he would not be able to return until the FAA approved his medical in mid-August to early September 2014.

**ANSWER:** TSH denies the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. On or about 7/1/14 Captain Cloutier received a phone call from Base Manager, Tracey Ryan, asking about his return on 8/1/14.

**ANSWER:** TSH denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Captain Cloutier sent Tracey Ryan an email again informing her that he would be completing his tests and submitting them to the FAA in mid-August and then must await FAA certification and once that was received he would be back.

**ANSWER:** TSH denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     On the evening of August 1, 2014, at 6:15 pm, Tracey Ryan sent Captain Cloutier an email stating that since he was asking for an extension of his FMLA leave he would be required to submit a re-certification no later than 5pm CST on 8/15/2014. That demand only gave Captain Cloutier 13 full days to complete the request. Captain Cloutier was not expecting such an email and did not notice the email on his computer until 8/19/14.

**ANSWER:** TSH denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     On 8/19/14 Captain Cloutier saw the email and responded that he had just received the email and would get the recertification right back.

**ANSWER:** TSH denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     On or about 8/21/14 Captain Cloutier emailed Tracey Ryan that he was still waiting on the return of the certification from the doctor.

**ANSWER:** TSH denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     On or about 8/25/14 Captain Cloutier received the certification from the doctor and sent it to Tracey Ryan.

**ANSWER:** TSH denies the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     On 8/27/2014 Captain Cloutier received a letter from the Chief Pilot Randy Bratcher dated 8/22/14 stating that Captain Cloutier's *"voluntary resignation without notice from employment with GoJet Airlines was processed on August 15, 2014 for failure to return from leave."* Captain Cloutier had never been informed that the FMLA leave had terminated or that his

10

request for FMLA leave was denied.

**ANSWER:** TSH denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

40. On 8/27/2014 Captain Cloutier emailed Randy Bratcher that he had not resigned by failing to return from leave and that he was still awaiting his medical certification from the FAA.

**ANSWER:** TSH denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. GoJet has refused to change its position.

**ANSWER:** The allegations in paragraph 41 of Plaintiff's Complaint are vague and ambiguous and therefore TSH denies the same.

42. GoJet and TSH cut off Captain Cloutier's and his family's medical insurance on 7/31/2014.

**ANSWER:** TSH denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

**Count I**
**FMLA INTERFERENCE – BY TERMINATING PLAINTIFF FROM HIS JOB**

43. Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

44. Cloutier's Disease constitutes a "serious health condition" as defined by and within the meaning of the Family and Medical Leave Act, 29 U.S.C. § 2612.

**ANSWER:** The allegations in paragraph 44 of Plaintiff's Complaint state legal conclusions to which no response is required. To the extent a response is required, TSH denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     Cloutier was an eligible employee under the act and had not previously taken any FMLA leave.

**ANSWER:** The allegations in paragraph 45 of Plaintiff's Complaint state legal conclusions to which no response is required.  To the extent a response is required, TSH denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     Defendants wrongfully terminated plaintiff while he was on FMLA leave or when the FMLA leave request should have been approved for the longer known period that he would have to be out on leave based upon FAA medical protocol.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A.      Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B.      Enjoining and permanently restraining these violations of the FMLA;

C.      Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D.      Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.      Awarding Captain. Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.      Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.      Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 46 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count I.

### Count II
### FMLA INTERFERENCE – BY ONLY AUTHORIZING FMLA LEAVE IN AN AMOUNT LESS THAN THE MINIMUM TIME THAT WOULD BE REQUIRED BEFORE CLOUTIER COULD LEGALLY RETURN TO WORK

47.     Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

48.     Plaintiff's request for FMLA leave was because of Diabetes Mellitus, a condition that the FAA has a defined protocol to follow before a pilot may return to flying. The protocol requires the pilot to take the medicine a minimum of 60 days to insure that there are no negative side effects, and then to submit a number of tests to the FAA. The FAA then reviews the data and can then approve the airman to obtain a new FAA medical examination and be issued a medical certificate.

**ANSWER:** TSH is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint and therefore denies same.

49.     Knowing the above the defendants only placed the plaintiff on FMLA leave for approximately 50 days.

**ANSWER:** TSH denies the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     After being immediately informed that the 50 days would not be long enough because of the FAA protocol the defendants did not change the FMLA period.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by;

A.    Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B.    Enjoining and permanently restraining these violations of the FMLA;

C.    Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D.    Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.    Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 26 I7(a)(1)(A);

F.    Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.    Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 50 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count II.

## Count III
### FMLA INTERFERENCE – BY REQUIRING MEDICAL CERTIFIACTION SOONER THEN THE MINIMUM ALLOTED TIME UNDER THE LAW

51.    Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

52. Chicago base manager demanded the initial FMLA certification form back only 5 days after her request.

**ANSWER:** TSH denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. The FMLA regulations, specifically 29 C.F.R. 825.305(b) requires the employer to allow the employee a minimum of 15 days to return the certification.

**ANSWER:** The allegations in paragraph 53 of Plaintiff's Complaint make legal statements to which no response is required. To the extent a response is required, TSH states that 29 C.F.R. § 825.305(b) states what it states.

54. The base manager's unreasonable demand constituted interference with the plaintiff's rights under the Family Medical Leave Act.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A. Declaring that the acts and practices by Defendants as described herein. constitute a violation of the FMLA;

B. Enjoining and permanently restraining these violations of the FMLA;

C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D. Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

15

E.     Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.     Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.     Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 54 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count III.

## Count IV
## FMLA INTERFERENCE – BY FAILING TO PROVIDE PLAINTIFF WITH THE REQUIRED NOTICE OF POSSIBLE CONSEQUENCES WHEN REQUESTING CERTIFICATION

55.     Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

56.     At the time the employer requests certification of the employee's need for FMLA leave the employer must also advise an employee of the anticipated consequences of an employee's failure to provide adequate certification under 29 C.F.R. 825.305(d).

**ANSWER:** The allegations in paragraph 56 of Plaintiff's Complaint make legal statements to which no response is required. To the extent a response is required, TSH states that 29 C.F.R. § 825.305(d) states what it states.

57.     The request for certification from the base manager Tracey Ryan was not accompanied by the required notices nor was the notice received by mail or email at a later time.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A.      Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B.      Enjoining and permanently restraining these violations of the FMLA;

C.      Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the EWA;

D.      Awarding Captain Cloutier front pay, or, in, the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.      Awarding Captain Cloutier liquidated damages in au additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(I)(A);

F.      Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.      Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 57 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count IV.

**Count V**
**FMLA INTERFERENCE – BY FAILING TO PROVIDE PLAINTIFF WITH THE**

## REQUIRED "DESIGNATION NOTICE" and "ELIGIBILITY NOTICES"

58.     Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

59.     Under 29 C.F.R. 825.300, each time an employer acquires knowledge that an employee leave may be for an FMLA-qualifying reason the employer must inform the employee of his eligibility and rights and responsibilities within 5 business days.

**ANSWER:** The allegations in paragraph 59 of Plaintiff's Complaint make legal statements to which no response is required. To the extent a response is required, TSH states that 29 C.F.R. § 825.300 states what it states.

60.     Plaintiff was informed of his right to FMLA leave but that was it.

**ANSWER:** The allegations in paragraph 60 of Plaintiff's Complaint are vague and ambiguous and therefore TSH denies the same.

61.     Plaintiff was never informed, either orally or in writing of his rights and responsibilities or his obligations concerning the use of FMLA leave and the consequences of failing to meet those obligations.

**ANSWER:** TSH denies the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.     Plaintiff was never informed of any limits for him returning any payers or any limits on the duration of his FMLA leave.

**ANSWER:** TSH denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.     Plaintiff was never given notice of the Employer's designated 12-month period for counting FMLA leave entitlement.

**ANSWER:** TSH denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Plaintiff was never given notice of the employee's consequences for failing to return a certification.

**ANSWER:** TSH denies the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Plaintiff was never given information regarding the employee's right or the employer's requirement for substitution of paid leave and conditions relating to any substitution, and the employee's right to take unpaid FMLA leave if the conditions for paid leave are not met.

**ANSWER:** TSH denies the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Plaintiff was never given instructions for making arrangements for any premium payments for maintenance of health benefits that the employee must make during leave or potential employee liability if the employee fails to return to work after FMLA leave.

**ANSWER:** TSH denies the allegations contained in paragraph 66 of Plaintiff's Complaint.

67. Plaintiff was never given notice of his right to job restoration and maintenance of benefits.

**ANSWER:** TSH denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68. The informal notice that the plaintiff had been placed on FMLA leave did not inform him of any substitution of paid leave.

**ANSWER:** TSH denies the allegations contained in paragraph 68 of Plaintiff's

Complaint.

69.    Plaintiff was never given any notice of how the leave was being designated or how long he had available or when he was required to return form leave or what length of time the FMLA allotted him.

**ANSWER:** TSH denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.    The informal notice that the plaintiff had been placed on FMLA leave had an illegal requirement that plaintiff would have to fly to the Saint Louis area, see the doctor of GoJet's choosing, be examined by him and approved to return to work by him. This requirement was also in violation of the collective bargaining agreement of the parties.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor, and against Defendants by:

A.    Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B.    Enjoining and permanently restraining these violations of the FMLA;

C.    Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D.    Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.    Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.    Awarding Captain Cloutier reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.      Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 70 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count V.

**Count VI**
**FMLA INTERFERENCE – BY DEMANDING A RE-CERTIFICATION WHEN DEFENDANTS KNEW THAT THERE HAD BEEN NO CHANGE IN THE STATUS OF CAPTAIN CLOUTIER IN VIOLATION OF THE FMLA**

71.      Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

72.      Under the FMLA when a certification indicates that the minimum duration of the condition is more than 30 days, an employer must wait until that minimum duration expires before requesting a recertification.

**ANSWER:** The allegations in paragraph 72 of Plaintiff's Complaint make legal statements to which no response is required.  To the extent a response is required, TSH states that the FMLA statute states what it states.

73.      The certification that was submitted in June 2014 indicated that Captain Cloutier's condition was diabetes mellitus, a permanent condition and a condition that would require FAA approval before he could return to work.

**ANSWER:** TSH is without knowledge sufficient to form a belief as to the truth of the

remaining allegations contained in paragraph 73 of Plaintiff's Complaint and therefore denies same.

74.     As an airline and airline holding company the defendants knew or should have known that FAA had a protocol that would take over 60 days to comply with and most likely longer.

**ANSWER:** TSH denies the allegations contained in paragraph 74 of Plaintiff's Complaint.

75.     GoJet should have placed Captain Cloutier on leave for a time period no less than it knew would be the minimum time he would be without FAA medical certification and unable to fly.

**ANSWER:** TSH denies the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     GoJet's request for a re-certification was before they could rightly ask for a recertification and was an interference with Captain Cloutier's rights under the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A.     Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B.     Enjoining and permanently restraining these violations of the FMLA;

C.     Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D.     Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.   Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.   Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.   Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 76 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count VI.

**Count VII**
**FMLA INTERFERENCE – BY DEMANDING THE RETURN OF THE ILLEGALLY REQUESTED RECERTIFICATION AFTER ONLY 13 DAYS WHEN UNDER THE FMLA, EVEN IF THE REQUEST WAS PROPER, THE DEMAND CAN BE REQUIRED TO BE RETURNED NO LESS THAN 15 DAYS LATER**

77.   The defendant's second demand for a recertification was improper as the defendants knew or should have known when leave was first requested that the plaintiff would not be able to return before the FAA required protocol was completed which would be more than 60 days.

**ANSWER:** TSH denies the allegations contained in paragraph 77 of Plaintiff's Complaint.

78.   The demand for a re-certification stated that it would have to be returned no later than 5:00 CST on 8/15/15 which only gave plaintiff 13 full days to comply.

23

**ANSWER:** TSH denies the allegations contained in paragraph 78 of Plaintiff's Complaint.

79. The FMLA gives the employee a minimum of 15 days from the receipt of the demand.

**ANSWER:** The allegations in paragraph 79 of Plaintiff's Complaint make legal statements to which no response is required. To the extent a response is required, TSH states that the FMLA statute states what it states.

80. Captain Cloutier did not see the demand until 8/19/14 and promptly complied.

**ANSWER:** TSH denies the allegations contained in paragraph 80 of Plaintiff's Complaint.

81. Additionally, the plaintiffs did not even comply with their own demand as they terminated Captain Cloutier prior to the deadline on 8/15/14.

**ANSWER:** TSH denies the allegations contained in paragraph 81 of Plaintiff's Complaint.

82. Such action by the defendants constitutes a violation of the FMLA as retaliation and interference.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

    A. Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

    B. Enjoining and permanently restraining these violations of the FMLA;

    C. Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

      D.      Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

      E.      Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(i)(A);

      F.      Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

      G.      Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 82 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count VII.

### Count VIII
### FMLA INTERFERENCE – BY FAILING TO PROVIDE PLAINTIFF WITH THE REQUIRED NOTICE OF POSSIBLE CONSEQUENCES WHEN REQUESTING THE RE-CERTIFICATION

83.      An employer is required under the FMLA to inform the employee of the possible consequences on not timely returning any requested certification.

**ANSWER:** The allegations in paragraph 83 of Plaintiff's Complaint make legal statements to which no response is required. To the extent a response is required, TSH states that the FMLA statute states what it states.

84.      Such notice must accompany every certification and recertification request.

**ANSWER:** The allegations in paragraph 84 of Plaintiff's Complaint make legal statements to which no response is required. To the extent a response is required, TSH states

that the FMLA statute states what it states.

85. GoJet and TSH did not provide Captain Cloutier with the required notice and such action constitutes interference with his rights under the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A.     Declaring that the acts and practices by Defendants *as* described herein constitute a violation of the FMLA;

B.     Enjoining and permanently restraining these violations of the FMLA;

C.     Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D.     Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.     Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.     Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.     Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 85 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count VIII.

**Count IX**

**FMLA INTERFERENCE – DEFENDANTS DEMAND THE CAPTAIN CLOUTIER GO TO SAINT LOUIS AND BE SEEN BY THEIR DOCTOR BEFORE THEY WOULD ALLOW HIM TO RETURN TO WORK WAS IN DIRECT VIOLATION OF THE FMLA**

86.     Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

87.     Defendants demands that Captain Cloutier agree to go to Saint Louis area and to then be examined by their doctor before he would be allowed to return to work were a direct violation of the FMLA and were designed to interfere, punish, and retaliate against Captain Cloutier for exercising his rights under the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A.     Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B.     Enjoining and permanently restraining these violations of the FMLA;

C.     Awarding Captain Cloutier back wages and lost, benefits due to Defendants' violations of the FMLA;

D.     Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.     Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.     Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.     Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 87 of Plaintiff's Complaint and states that they have been dismissed by the Court.  TSH further denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count IX.

### Count X
### FMLA RETALIATION – BY TERMINATING CAPTAIN CLOUTIER IN RETALIATION FOR HIS EXERCISING HIS FMLA RIGHTS

88.     Plaintiff incorporates paragraphs I through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

89.     GoJet and TSH interfered with Captain Cloutier's rights under FMLA when they unlawfully terminated his employment.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A.     Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

B.     Enjoining and permanently restraining these violations of the FMLA;

C.     Awarding Captain Cloutier back wages and lost, benefits due to Defendants' violations of the FMLA;

D.     Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstated Captain Cloutier to his previous position;

E.      Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.      Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.      Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 89 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count X.

**Count XI**
**FMLA RETALIATION – BY TERMINATING CAPTAIN CLOUTIER AND HIS FAMILY'S MEDICAL INSURANCE ON 7/31/2014**

90.     Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

91.     GoJet and TSH interfered with Captain Cloutier's rights under the FMLA by terminating the health insurance of him and his family on 7/31/2014 while he was still on FMLA leave or should have been on FMLA leave.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A.      Declaring that the acts and practices by Defendants as described herein constitute a violation of the FMLA;

29

B.     Enjoining and permanently restraining these violations of the FMLA;

C.     Awarding Captain Cloutier back wages and lost benefits due to Defendants' violations of the FMLA;

D.     Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.     Awarding Captain Cloutier liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

F.     Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

G.     Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 91 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-G at the end of Plaintiff's Count XI.

## Count XII
## DISABILITY DISCRIMINATION – VIOLATION OF THE ADA AS AMENDED

92.     Plaintiff incorporates paragraphs 1 through 42, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

93.     The Americans with Disabilities Act ("ADA" or "ADAAA"), 42 U.S.C. § 12101, et seq. prohibits a covered entity from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the

hiring, advancement, or discharge of employees, employee compensation, job training, or other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

**ANSWER:** The allegations in paragraph 93 of Plaintiff's Complaint make legal statements to which no response is required. To the extent a response is required, TSH states that 42 U.S.C. § 12101, *et seq.* states what it states.

94.     Plaintiff is a qualified individual with a disability as defined by the ADAAA. At all relevant times, Plaintiff was Defendant's employee as defined by the act.

**ANSWER:** TSH denies the allegations contained in paragraph 94 of Plaintiff's Complaint.

95.     Plaintiff is an individual with a disability who with or without reasonable accommodation could perform the essential functions of the employment position that he held.

**ANSWER:** TSH denies the allegations contained in paragraph 95 of Plaintiff's Complaint.

96. All the Plaintiff required as a reasonable accommodation was leave until the FAA protocol for his return to medical certification was accomplished.

**ANSWER:** TSH denies the allegations contained in paragraph 96 of Plaintiff's Complaint.

97. The defendants terminated Captain Cloutier's employment without engaging in the required interactive process towards finding a reasonable accommodation.

**ANSWER:** TSH denies the allegations contained in paragraph 97 of Plaintiff's Complaint.

98. The defendants refused to comply with the ADAAA both before Captain Cloutier's termination and after his termination when he reminded them of their obligations.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A.      Declaring that the acts and practices by Defendants as described herein constitute a violation of the ADA;

B.      Enjoining and permanently restraining these violations of the ADA;

C.      Awarding Captain Cloutier back wages with prejudgment interest and lost benefits due to Defendants' violations of the ADA;

D.      Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.      Awarding Captain, Cloutier compensation for nonpecuniary losses resulting from his unlawful termination, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Awarding Captain Cloutier punitive damages for its malicious and reckless conduct in the maximum amount allowed by law.

G.      Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

H.      Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 98 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-H at the end of

Plaintiff's Count XII.

## Count XIII
## AGE DISCRIMINATION – VIOLATION OF THE ADEA

99.     Plaintiff incorporates paragraphs 1 through 86, as if fully incorporated herein.

**ANSWER:** TSH incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in every preceding paragraph contained in Plaintiff's Complaint.

100.     Plaintiff was treated differently than similarly situation employees who were not over the age of forty (40) or not as old as the plaintiff. For example, those employees were not denied FMLA leave for the full period that would be needed to complete FAA required medical protocols in order to get their medical certificates. Others were not terminated without the required interactive process required under the ADA.

**ANSWER:** TSH denies the allegations contained in paragraph 100 of Plaintiff's Complaint.

101.     Defendants medical plan is self-insured and the termination of an older worker was believed by the defendants to be a large savings in medical costs and such motivation and its acting on such motivation constituted illegal age discrimination.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants by:

A.     Declaring that the acts and practices by Defendants as described herein constitute a violation of the ADEA;

B.     Enjoining and permanently restraining these violations of the ADEA;

C.     Awarding Captain Cloutier back wages with pre-judgment interest and lost benefits due to Defendants' violations of the ADEA;

D.      Awarding Captain Cloutier front pay, or, in the alternative, directing Defendants to reinstate Captain Cloutier to his previous position;

E.      Awarding Captain Cloutier compensation for nonpecuniary losses resulting from his unlawful termination, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Awarding Captain Cloutier punitive damages for its malicious and reckless conduct in the maximum amount allowed by law.

G.      Awarding reasonable attorneys' fees and costs incurred by Captain Cloutier in connection with the instant action; and

H.      Awarding Captain Cloutier such further and additional relief, including equitable damages, as the Court may deem just and proper or as otherwise permitted by law.

**ANSWER:** TSH denies the allegations contained in paragraph 101 of Plaintiff's Complaint and denies Plaintiff is entitled to any relief whatsoever, including but not limited to the relief requested in the "WHEREFORE" paragraph and subparagraphs A-H at the end of Plaintiff's Count XIII.

ANSWERING FURTHER, TSH denies any allegation not specifically admitted herein.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.      Plaintiff's claims are barred because TSH was not Plaintiff's "employer" as defined by the FMLA, ADEA, and ADA.

2.      To the extent TSH is found to be Plaintiff's employer, which TSH denies, some or all of Plaintiff's claims fail to state a claim upon which relief may be granted.

3.  To the extent TSH is found to be Plaintiff's employer, which TSH denies, with respect to some or all of Plaintiff's claims, Plaintiff failed to properly exhaust all administrative remedies.

4.  To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and are otherwise untimely.

5.  To the extent TSH is found to be Plaintiff's employer, which TSH denies, some or all of Plaintiff's claims are preempted, in whole or in part, by the applicable provisions of the Federal Employment Retirement Income Security Act of 1973, 29 U.S.C. § 1001, *et seq.* ("ERISA").

6.  To the extent TSH is found to be Plaintiff's employer, which TSH denies, TSH denies that age or disability played a role in any decision in connection with Plaintiff or any policy or procedure that Plaintiff may be challenging.

7.  To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff is not entitled to punitive damages because TSH did not act with an evil motive or intent or with reckless or callous indifference to the protected rights of Plaintiff.

8.  To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff's claims are barred in whole or in part by the doctrine of laches, waiver, estoppel, and/or unclean hands.

9.  To the extent TSH is found to be Plaintiff's employer, which TSH denies, and without conceding that TSH has the burden of proof on this issue and, especially, denying that Plaintiff suffered any actionable damages, TSH avers that, through use of diligent efforts,

35

Plaintiff could have mitigated his alleged loss of earnings and other damages, if any, and, upon information and belief, failed to do so.

10.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, and without conceding that TSH has the burden of proof on this issue, TSH's acted in good faith and without any discriminatory motive, intent, malice, or reckless disregard for Plaintiff's rights.

11.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, an award of punitive damages would be an unconstitutional denial of TSH's right to due process and/or equal protection under the Fifth and Fourteenth Amendments of the United States Constitution and under the Constitution of the State of Illinois.

12.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff's claims are barred because Plaintiff was not eligible for FMLA leave as he was not an eligible employee as defined by the FMLA.

13.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff's claims are barred because he failed to timely or otherwise submit the recertification as requested.

14.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff's claims are barred because he failed to comply with the requirements of the FMLA and/or the requirements of company policies.

15.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff is barred from recovering any damages which were caused by his own conduct, the conduct of a third party, or other factors not attributable to TSH.

16.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff is not entitled to liquidated damages because TSH engaged in good faith in its efforts to comply with the FMLA.

17.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff's claims and/or damages may be limited by the after-acquired evidence doctrine.

18.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff's claims are barred because they are preempted by the Collective Bargaining Agreement between the parties.

19.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, Plaintiff's claims are barred because they are preempted under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 *et seq*.

20.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, and without conceding that TSH has the burden of proof on this issue, TSH based all actions with regard to Plaintiff on legitimate, nondiscriminatory and non-retaliatory reasons, unrelated to Plaintiff's FMLA status or any other protected activity or characteristic.

21.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, and without conceding that TSH has the burden of proof on this issue, even if the trier of fact were to determine that unlawful motives or reasons played a substantial or motivating factor in any adverse action taken by TSH, TSH would have taken such action in any event without regard to Plaintiff's protected status.

22.     To the extent TSH is found to be Plaintiff's employer, which TSH denies, TSH reserves the right to insert additional defenses including affirmative defenses that may pertain to Plaintiff once the precise nature of his claims and underlying facts are determined.  TSH reserves

the right to amend its Answer and Defenses to Plaintiff's Complaint to assert additional defenses as may become apparent during the continuing course of litigation.

WHEREFORE, Defendant Trans States Airlines, Inc., prays that this Court enter judgment in its favor and against Plaintiff, award its costs incurred in this action, and order such other and further relief against Plaintiff as the Court may deem just and proper.

Dated: June 22, 2016.                          Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART

/s/ Rodney A. Harrison
Rodney A. Harrison, #44566MO
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
rodney.harrison@ogletreedeakins.com

and

Michael D. Ray, #6285109
155 N. Wacker Drive, Suite 4300
Chicago, Illinois 60603-1891
Telephone:  312-558-1220
michael.ray@ogletreedeakins.com

/s/ David J.A. Hayes, III
David J.A. Hayes, III, USDC NDIL#6230976
Leslie Cavender, #63461MO
Trans States Holdings, Inc.
11495 Navaid Road
Bridgeton, Missouri 63044
Phone: (314) 222-4316
Facsimile: (314) 222-4311

Attorneys for Defendant
Trans States Holdings, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Court on the 22nd day of June, 2016, which sent electronic notification to all counsel of record:

> Nicholas Frenzel
> Frenzel Law Group
> 120 W. Madison, #1407
> Chicago, IL 60602
>
> Attorney for Plaintiff

*/s/ Rodney A. Harrison*
Attorney for Defendant

25205190.2