IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN CLOUTIER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16 C 1146 |
| GOJET AIRLINES, LLC, | ) |
| Defendant. | ) |

## MEMORANDUM OPNIION AND ORDER

MATTHEW F. KENNELLY, District Judge:

A jury found in favor of John Cloutier against his former employer GoJet Airlines, Inc. on claims under the Family and Medical Leave Act. The issues of back pay and front pay were tried to the Court. The Court issued a decision awarding back pay of $187,905.23, and liquidated damages in an equal amount. The Court also concluded that Cloutier is entitled to front pay from the time of trial through June 2023, to be calculated by determining "the amount of pay for the minimum hours guaranteed to GoJet pilots at the contractual hourly rate, less Cloutier's anticipated earnings from [his current employer] SkyWest for the same period." Mem. Op. and Order, Jan. 4, 2019, at 10. Because the Court did not have the necessary information for the first figure, it reopened the evidence "for this sole point." *Id.*

GoJet's submission included a spreadsheet showing how much Cloutier would make at GoJet during the relevant period for 75 hours per month, the minimum guaranteed flight time. GoJet then projected Cloutier's SkyWest hours for the same period, using not a figure of 75 hours per month but rather 95 hours, which is the

number of hours Cloutier has been flying monthly for SkyWest.  The net amount is $50,683.00.  *See* Joint Status Report, Jan. 8, 2019, at 1 & Ex. A.

Cloutier contends that it is inappropriate to use a minimum-monthly-guarantee number for the GoJet figure but an extrapolated actual number for the SkyWest figure.  He argues that both figures should be calculated on the same basis:  either by using the monthly minimum for both, or by using his actual SkyWest hours for both.  If the former calculation is used, the net front pay would be $254,561.58; if the latter is used, the net front pay would be $321,825.41.  *See id.* at 2-3 & Exs. B, C.

The Court also heard brief oral argument regarding the parties' dispute regarding front pay.

Cloutier's argument has some initial appeal, but the Court concludes it lacks merit.  First of all, the Court already made a finding regarding the appropriate number of GoJet hours to be used in the front pay calculation.  It's 75 per month, the minimum guaranteed hours for GoJet pilots.  At the bench trial, Cloutier argued for a larger figure, but the Court rejected his contention:  "Given [Cloutier's] other commitments and his side law practice, he has failed to show by a preponderance of the evidence that he would have worked more than the amount that was guaranteed to him under the [GoJet] collective bargaining agreement."  Jan. 4, 2019 Mem. Op. at 6.  The Court did not invite reconsideration of this finding, and in any event Cloutier has not provided any basis that would warrant reconsideration.

Thus the only question to be decided is the appropriate figure to be used for Cloutier's projected pay at SkyWest during the front pay period.  In this regard, the evidence establishes that Cloutier is likely to continue working the same amount of

2

hours as he has been, specifically, 95 hours per month. It is true that this is more than the number of hours he has shown he would have worked at GoJet, but the difference is justified: the hourly pay is significantly greater at GoJet (as shown by the small amount of front pay GoJet's calculation establishes), meaning that Cloutier has to work longer hours at SkyWest to make the same amount he would have been guaranteed at GoJet. Cloutier's argument that a lower figure should be used is unpersuasive, as the appropriate calculation is based on what the evidence shows regarding projections of earnings at the lost job and the replacement job.

For these reasons, the Court finds Cloutier has shown by a preponderance of the evidence an entitlement to front pay of only $50,683, not the larger figures he has proposed. When added to the back pay and liquidated damages award, the total is $426,493.46 ($187,905.23 + $187,905.23 + $50,683.00).[1]

**Conclusion**

For the reasons stated above and in the Court's previous rulings, the Clerk is directed to enter judgment in favor of plaintiff John Cloutier and against defendant GoJet Airlines LLC on plaintiff's remaining claims under the Family and Medical Leave Act (counts 1, 3, 5, 10, and 11), awarding damages in the amount of $426,493.46, and in favor of defendant GoJet Airlines LLC and against plaintiff John Cloutier on all of plaintiff's other claims (counts 2, 4, 6, 7, 8, and 12).

Date: January 23, 2019

_____
MATTHEW F. KENNELLY
United States District Judge

---

[1] Tying up the judgment with the specific counts in the complaint is a bit of a chore given the way Cloutier's counsel parsed the FMLA claims. If the Court has gotten it wrong, it expects the parties to seek correction of the judgment promptly.