# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JOHN CLOUTIER,                )
                              )
        Plaintiff,         )
                              )
  vs.                         )    Case No. 16 C 1146
                              )
GOJET AIRLINES, LLC,          )
                              )
        Defendant.         )

## ORDER ON PARTIES' POST-TRIAL MOTIONS

John Cloutier prevailed at trial against his former GoJet Airlines, LLC on claims that GoJet had interfered with his exercise of rights under the FMLA and terminated him in retaliation for exercising his FMLA rights. The jury found that GoJet had not acted in good faith with respect to the interference claim but that it had acted in good faith on the retaliation claim.

Back pay and front pay were tried to the Court—as requested by the parties—after the jury returned its verdict on liability and good faith. The Court heard evidence and argument and, first, issued an opinion ruling on back pay and other related issues. The Court determined that back pay was appropriately calculated based on the minimum number of hours guaranteed to GoJet pilots under the applicable collective bargaining agreement, not the higher figure that Cloutier advocated. The Court found against GoJet on its contention that Cloutier's turn-down of a job offer from Republic Airlines amounted to a failure to mitigate his damages. The Court also found against GoJet on its contention that back pay should be cut off by its offer, made after the

lawsuit was filed, to reinstate Cloutier. On this point, the Court found that GoJet had failed to establish either that its offer was actually unconditional or that Cloutier's declination of it was unreasonable—both of which GoJet had to establish to prevail on that point. The Court then subtracted Cloutier's earnings at his job at SkyWest from his anticipated GoJet earnings and set a base back pay amount of $187,905.23.

Because the Court had determined back pay—again, by agreement of the parties—it then had to determine liquidated damages under the FMLA based on the jury's finding of a lack of good faith on the FMLA interference claim. This required the Court to reconcile the jury's finding of lack of good faith on the interference claim and its finding of good faith on the retaliation claim. The Court did so and concluded that Cloutier was entitled to another $187,905.23 in liquidated damages on the interference claim.

On the question of front pay, the Court concluded that Cloutier was entitled to front pay through June 2023. It concluded that "[t]he recoverable amount is to be based on the same calculation used to determine back pay—specifically, the amount of pay the minimum hours guaranteed to GoJet pilots at the contractual hourly rate, less Cloutier's anticipated earnings from SkyWest for the same period." Dkt. no. 153 at 10. The Court stated that it did not have the necessary information to determine the first figure and reopened the evidence for that purpose, directing the parties to submit the necessary information in a joint submission.

In the joint submission, GoJet submitted a calculation projecting Cloutier's earnings under the GoJet collective bargaining agreement in the manner determined by the Court and projecting his future SkyWest earnings by annualizing his SkyWest

2

earnings from the first part of 2018 and applying an increase of one percent per year. The resulting calculation—the difference between these two figures—was $50,683.

Cloutier offered two separate calculations, both based on the assumption "that in the future he will fly the same number of hours at SkyWest as he would have at GoJet." Dkt. no. 155 at 2. The first calculation used the guaranteed minimum monthly hours for both entities; the second assumed a higher number of hours at GoJet, the same as what Cloutier had been working at SkyWest. The Court notes that the second calculation contradicted a ruling the Court had already made in determining backpay, specifically, that Cloutier "failed to show by a preponderance of the evidence that he would have worked [at GoJet] more than the amount that was guaranteed to him under the collective bargaining agreement." Dkt. no. 153 at 6. As indicated earlier, the Court had already ruled that this same determination would apply to the front pay award. *Id.* at 10.

In his part of the joint submission, Cloutier specifically argued that it would be inappropriate to use different hours for the two positions for purposes of determining net front pay. *See* Dkt. no. 155 at 2-3. And this was anything but a passing reference; Cloutier laid out his position in full. Cloutier did not argue in his portion of the joint submission that there was anything mathematically wrong with the calculation GoJet had proposed. Rather, he argued only the merits of his proposed alleged apples-to-apples calculation.

The Court then set the matter of the front pay calculation for further argument. At that hearing, held on January 16, 2019, Cloutier argued his position in full. The Court considered the position but rejected it in a later written ruling. First, the Court noted, it

3

had already made a finding regarding the appropriate number of GoJet hours to be used in the front pay calculation. Second, the Court concluded that, for the SkyWest part of the calculation, it was appropriate to use a calculation based on Cloutier's historically higher hours worked. See Dkt. no. 158 at 2-3.

In short, the Court adopted GoJet's proposed methodology. And it adopted GoJet's proposed calculation and awarded Cloutier net front pay of $50,683. The Court adopted this calculation in light of the fact that Cloutier had not even hinted that GoJet's math or figures were wrong.

GoJet has moved for judgment as a matter of law or for a new trial. Cloutier has moved to modify the front pay calculation.

1. **Cloutier's motion**

The Court begins with Cloutier's motion. He now argues that GoJet's math and figures were wrong, specifically that it used incorrect dates and made other errors. It is too late for this. *See, e.g., Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (Rule 59(e) motion is not an appropriate vehicle to "advance arguments that could and should have been presented to the district court prior to the judgment."). Cloutier had a full and fair opportunity to take issue with GoJet's proposed front pay calculation before the Court made a ruling. However, he challenged GoJet's proposal (both in writing and orally) only by arguing that GoJet was improperly comparing applies and oranges, a point the Court considered and rejected. He never once suggested to the Court that GoJet's math or figures were wrong.

Cloutier now appears to suggest that the Court should have dug into the exhibits that he attached to the joint submission and that it could have figured out from those

4

that there was something wrong with GoJet's figures.  The short answer is that having adopted GoJet's proposed methodology, and in the absence of any hint from Cloutier that GoJet had applied its methodology incorrectly, the Court permissibly relied on GoJet's figures.  Cloutier forfeited any objection to them.  *See generally United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) (per curiam) (judges are not required to "hunt[ ] for truffles buried in briefs").

Cloutier says that "The Parties had no reason to believe that later the Court would direct that different numbers of hours should be used for each airline."  *Id.*  That is inaccurate.  GoJet quite plainly anticipated exactly this; in the joint submission, it proposed a calculation based on a different number of hours for each airline.  And given GoJet's statement of position to this effect in the joint status report, Cloutier reasonably should have anticipated it too—both in his written submission in the status report and in his later argument before the Court.

Finally, Cloutier argues that the front pay award—specifically the Court's determination of what GoJet and SkyWest figures to use—"was not based on any motion with adversarial briefing."  Dkt. no. 198 at 2.  That may be literally true, but it is highly misleading.  First, the Court determined the GoJet figure after a bench trial at which both sides had a full and fair opportunity to be heard, via both evidence and oral argument.  Second, the Court determined the SkyWest figure after considering Cloutier's written and oral arguments seeking a different figure.  There was no "adversarial briefing" only because *GoJet* did not file anything directly addressing the point.  If Cloutier is trying to suggest that he did not have a chance to be heard on the front pay calculation, that is, quite simply, false.

5

For these reasons, the Court denies Cloutier's motion to alter or amend the judgment.

**2.     GoJet's motion**

On a renewed motion under Rule 50(b) for judgment as a matter of law, a court "construes the evidence strictly in favor of the party who prevailed before the jury and examines the evidence only to determine whether the jury's verdict could reasonably be based on that evidence." *Passananti v. Cook County*, 689 F.3d 655, 659 (7th Cir. 2012). The Court must disregard all evidence favorable to the moving party that the jury was not required to believe. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000). A jury verdict will be overturned only if the court concludes that "no rational jury could have found for the prevailing party." *EEOC v. Mgmt. Hospitality of Racine, Inc.*, 666 F.3d 422, 431 (7th Cir. 2012) (internal quotation marks omitted).

In seeking judgment as a matter of law, GoJet first repeats an argument that Judge Der-Yeghiayan, to whom the case was previously assigned, considered and rejected. Specifically, GoJet contends that Cloutier's FMLA claims are barred because they were subject to arbitration under the collective bargaining agreement for GoJet pilots. The Court reaffirms Judge Der-Yeghiayan's ruling on this point and overrules GoJet's contention for that reason and those set forth in Cloutier's response to the post-trial motion.

Second, GoJet contends that Cloutier's FMLA claims are precluded because he did not give GoJet adequate notice of his need for leave. The jury found otherwise, and as Cloutier argues, the evidence, taken in the light most favorable to Cloutier, permitted it to make that finding. The Court also notes that GoJet actually granted Cloutier FMLA

6

leave despite the purportedly inadequate notice, which tends to show that there would have been no reasonable basis for a finding that Cloutier did not give adequate notice.

GoJet also contends that Cloutier failed to show that he was actually prejudiced by the FMLA violation because even if GoJet did not provide him with the relevant forms as required, they were on the company's website and he could have found them there. The Court overrules this and GoJet's remaining arguments regarding lack of prejudice, as the jury was entitled to find, based on the evidence taken in the light most favorable to Cloutier, that he was in fact prejudiced by GoJet's failure.

Next, GoJet challenges the Court's ruling on the question of the offer of reinstatement. The Court made this ruling after a bench trial at which it heard and considered all of the evidence and applied the governing law. GoJet is essentially saying that it disagrees with the ruling; it offers nothing new and does not identify anything the Court overlooked. The argument lacks merit.

Finally, GoJet argues that it is entitled to a new trial on the interference claim because the Court violated the Seventh Amendment's reexamination clause in making the liquidated damages determination. First of all, both of the cases that GoJet cites in its brief regarding this point are cases in which a court inappropriately divided issues between separate trials. See Dkt. no. 168 at 8, 9. Nothing of the sort happened here. The division between the matters tried to the jury and the Court was made with the agreement of both sides. GoJet made no contemporaneous or otherwise timely objection to the division of what was determined by the jury and by the Court, so it has forfeited this point. That aside, the Court did it the right way: the jury made liability determinations on the FMLA claims and also made a finding of willfulness. The Court

7

did not redetermine or "reexamine" the jury's willfulness finding during the course of the bench trial. Rather, the Court set back pay after the bench trial and then simply applied the jury's willfulness finding in determining liquidated damages on Cloutier's FMLA interference claim, the award on which was based entirely on the back pay determination that the parties agreed to submit to the Court.

In applying the jury's willfulness finding, the Court was required to determine what among the multiple bases for the interference claim the jury had found. *See* Dkt. No. 153 at 10-13. But that does not amount to inappropriate "reexamination" of the jury's finding. And in any event, GoJet at no time argued that the Court could not apply the jury's finding in determining liquidated damages. Nor, more fundamentally, did GoJet ever propose that the Court should have provided the jury with a mechanism requiring it to state which among the multiple bases it had found, such as a special verdict form requiring the jury to identify the basis for liability on this claim. *See id.* at 3 n.1. Thus even if GoJet's contention had merit—which it does not—it has waived or forfeited the point.

All of this aside, the Court did nothing more than reconcile the jury's verdict both internally and with the evidence that was presented, which was entirely appropriate and not any sort of a Seventh Amendment violation. *See, e.g., Gallick v. Baltimore & Ohio R.R.*, 372 U.S. 108, 119 (1963); *Deloughery v. City of Chicago*, 422 F.3d 611, 617 (7th Cir. 2005).

For these reasons, the Court denies GoJet's motion for judgment as a matter of law, for a new trial, or to amend the judgment.

**Conclusion**

For the reasons stated above, the Court denies both sides' post-trial motions [165] [167]. The status hearing set for April 23, 2019 is vacated. The parties are reminded that under Local Rule 54.3(b), plus the seven-day extension previously granted, *see* Dkt. no. 164, Cloutier's petition for attorney's fees appears to be due by no later than May 2, 2019.

Date: April 21, 2019

_____
MATTHEW F. KENNELLY
United States District Judge