IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN CLOUTIER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 16 C 1146 |
| GOJET AIRLINES, LLC, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

A jury found in favor of John Cloutier against his former employer GoJet Airlines, LLC on claims under the Family and Medical Leave Act (FMLA). The Court then awarded Cloutier a total of $426,493.46 in back pay, liquidated damages, and front pay. The front pay amounted to $50,683.00. GoJet appealed, and Cloutier cross-appealed, contending that he was entitled to a larger front pay award. The Seventh Circuit ruled against GoJet on its appeal but agreed with Cloutier on his cross-appeal and remanded the case for recalculation of the front pay award.

## Background

In August 2018, a jury found in favor of Cloutier against GoJet on claims under the FMLA. The issue of damages was tried to the Court, which determined that Cloutier was entitled to back pay, liquidated damages, and front pay through June 2023, the date of his mandatory retirement. In January 2019, the Court awarded Cloutier $375,810.46 in back pay and liquidated damages but deferred calculating front pay until

after the submission of additional information. Dkt no. 153 at 14.

In a joint submission filed after the bench trial on damages, the parties disagreed over how the Court should calculate Cloutier's front pay award. GoJet proposed an award of $50,683.00, determined by subtracting Cloutier's anticipated earnings from his new employer, SkyWest, from his anticipated earnings from GoJet. To calculate the anticipated GoJet earnings, GoJet assumed that Cloutier would work 75 hours per month—the minimum number of hours guaranteed to a pilot at GoJet—and multiplied that number by the hourly rate for captains listed in GoJet's Collective Bargaining Agreement. To calculate Cloutier's projected earnings from SkyWest, however, GoJet used an actual earnings formula to project how much he would make in future years. Cloutier had been working 95 hours per month at SkyWest, and GoJet therefore based his future pay on that figure. The 2018 SkyWest payroll register indicated that Cloutier's starting pay rate was $48.10 and that, for the last four months of 2018, he earned $25,814.24. By annualizing this figure and increasing it by 1% each succeeding year to reflect anticipated rate increases, GoJet calculated Cloutier's future earnings at SkyWest.

Cloutier, by contrast, argued for a front pay award that assumed "that in the future he will fly the same number of hours at SkyWest as he would have at GoJet." Dkt. no. 155 at 2. He offered two alternative proposals. In the first, he used the guaranteed minimum monthly hours for each employer—75 hours for GoJet and 76 hours for SkyWest. His second proposal used the hours that he had been working at SkyWest—95 hours per month—for the calculations for both GoJet and SkyWest. For both airlines, Cloutier used a formula of hours worked times hourly rate. Cloutier's

2

proposal differed from GoJet's in one other way: for the SkyWest figures, Cloutier used the hourly rates listed in the SkyWest pay scale, which were lower than the rates shown on the SkyWest payroll register. Cloutier's first calculation, using the minimum monthly hours for each airline, resulted in a $254,561.58 proposed front pay award. His second calculation, using 95 hours per month for both airlines, resulted in a $321,825.41 front pay award.

The Court adopted GoJet's proposed calculation and awarded Cloutier $50,683.00 in front pay. The Court reaffirmed its prior determination that the appropriate number of GoJet hours to be used in the front pay calculation was 75 hours per month, the monthly guaranteed minimum for GoJet pilots. The Court next found that, with respect to SkyWest, "Cloutier is likely to continue working the same amount of hours as he has been, specifically, 95 hours per month." Dkt. no. 158 at 2–3. Although this resulted in a discrepancy between the hours worked for GoJet and the hours worked for SkyWest, the Court found this difference "justified" because "the hourly pay is significantly greater at GoJet . . . meaning that Cloutier has to work longer hours at SkyWest to make the same amount he would have been guaranteed at GoJet." *Id.* at 3.

Cloutier then filed a "Rule 59(e) Motion to Correct a Mathematical Error in the Judgment." Dkt no. 165. He argued that GoJet's calculation, which the Court adopted, "was not based on the formula determined by the Court, nor was it based on any solid computation." *Id.* at 1. Specifically, Cloutier argued that "GoJet made numerous false assumptions, used incorrect start and end dates at each airline *and made no computation of hourly earnings at SkyWest*." *Id.* at 1 n.1 (emphasis added). Cloutier urged the Court to instead adopt a front pay award of $188,850.35, based on

3

anticipated SkyWest earnings calculated by multiplying his expected number of hours worked per month (i.e. 95 hours) by the hourly rates listed in the SkyWest First Officer pay scale—not the actual payroll register rates that GoJet and the Court had used. This formula differed from GoJet's calculation that the Court adopted, which used Cloutier's 2018 actual earnings rather than an hours-worked-times-hourly-rate formula.

The Court denied Cloutier's motion. It found that Cloutier's arguments had been forfeited, stating:

> Cloutier had a full and fair opportunity to take issue with GoJet's proposed front pay calculation before the Court made a ruling. However, he challenged GoJet's proposal (both in writing and orally) only by arguing that GoJet was improperly comparing applies [sic] and oranges, a point the Court considered and rejected. He never once suggested to the Court that GoJet's math or figures were wrong.

Dkt. no. 192 at 4.

Both parties timely appealed, and the Seventh Circuit affirmed on all grounds except for one. It held that "the district court erred when it calculated front pay based on two different values for how much work the court expected Cloutier to work at GoJet and SkyWest." *Cloutier v. GoJet Airlines, LLC*, 996 F.3d 426, 449 (7th Cir. 2021). The panel thus remanded the case for the Court "to apply a uniform hourly figure to calculate expected earnings at GoJet and SkyWest for the purposes of front pay." *Id.* at 450.

## Discussion

Front pay is intended to "give[] the employee the present value of the earnings from her old job less the earnings from her new (or expected job)." *Williams v. Pharmacia, Inc.*, 137 F.3d 944, 954 (7th Cir. 1998). The Court previously determined that Cloutier was entitled to a front pay award based on the following formula: "the amount of pay for the minimum hours guaranteed to GoJet pilots at the contractual

4

hourly rate, less Cloutier's anticipated earnings from SkyWest for the same period." Dkt. no. 153 at 10.  The Seventh Circuit remanded the case so that the Court could recalculate Cloutier's front pay award assuming the same number of hours worked at both GoJet and SkyWest.

This seems like it ought to be easy enough.  The Court's task is complicated a bit, however, by the parties' reargument of points the Court previously decided, and by GoJet's offer of new evidence not available at the time of the Court's original ruling.

### 1.     Number of hours per month

The Court starts with the simplest issue and finds that the appropriate number of hours to be used for both figures in the front pay calculation is 75 hours per month, the minimum guaranteed flight time at GoJet.  This is consistent with the Court's previous finding that Cloutier "failed to show by a preponderance of the evidence that he would have worked more than the amount that was guaranteed to him under the [GoJet] collective bargaining agreement."  *Id.* at 6.  Cloutier argues that the Court should use a 95 hours per month figure because it found that "Plaintiff had been flying, and would continue to fly, 95 hours per month" at SkyWest.  Pl.'s Mot. at 3.  But the Court already rejected this argument when it first calculated front pay damages in the January 2019 ruling.  There, the Court determined to measure Cloutier's earnings at GoJet using a 75 hours per month figure.  Dkt. no. 158 at 2–3.  Cloutier provides no viable reason to revisit this determination.

### 2.     Cloutier's anticipated SkyWest earnings

The next issue concerns the appropriate methodology for calculating Cloutier's anticipated SkyWest earnings.  In their post-remand submissions, both parties propose

5

an hours-worked-times-hourly-rate formula but dispute the appropriate hourly rate to use for Cloutier's anticipated SkyWest earnings. Cloutier uses the hourly pay rates listed in the SkyWest pay scale. GoJet uses Cloutier's actual pay as listed in the SkyWest payroll register, which is based on a higher hourly rate than the one Cloutier proposes.

The Court's formula for calculating Cloutier's anticipated SkyWest earnings is not open for revision on remand, however. When remanding the case, the Seventh Circuit did not overturn the Court's methodology for calculating Cloutier's front pay award or its decision to calculate Cloutier's anticipated SkyWest earnings by annualizing and projecting his 2018 actual earnings. Rather, the Seventh Circuit remanded the case "for the district court to apply a uniform hourly figure to calculate expected earnings at GoJet and SkyWest for the purposes of front pay." *Cloutier*, 996 F.3d at 450. It expressly stated that the remand was to be "on this issue alone." *Id.* Because the Court can recalculate Cloutier's front pay award using a uniform hourly figure without changing its prior method of calculation, this matter is closed on remand. *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("If the opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error.").

Thus the Court declines to adopt either party's proposed calculation and instead uses the same actual earnings methodology that it employed during its original front pay calculation.[1] This begins with the figures from Cloutier's 2018 payroll register. Because

---

[1] GoJet cannot now viably object to the Court's methodology, as it was the methodology GoJet itself proposed. As for Cloutier, the Court found, in its April 21, 2019 order, that

Cloutier's 2018 earnings at SkyWest were based on an average of 95 hours worked per month, the Court multiplied the 2018 total by 75/95 to derive what his earnings would have been if he had worked 75 hours per month. And because Cloutier worked for SkyWest for only four months in 2018, the Court annualized the 75-hour-per-month pay it computed to arrive at an earnings figure for the full 2018 year. To calculate Cloutier's anticipated earnings for each year after 2018, the Court increased the prior year's earnings by 1% to account for yearly pay increases. Finally, the Court added together the anticipated earnings for each year to determine his total amount of anticipated SkyWest earnings.

### 3. Cloutier's October 2020 promotion

Before finalizing Cloutier's front pay award, the Court must address one final issue. GoJet argues that the Court should consider the fact that Cloutier was promoted to captain at SkyWest in October 2020, after the Court made its initial front pay determination and while the case was on appeal. Because Cloutier earned more as a captain at SkyWest than he would have in his original position at GoJet, GoJet argues that he is not entitled to front pay damages for the period after October 2020.

Unlike other issues that the parties have attempted to reargue, this issue could not have been raised when the case was previously before the Court. The Court made

---

he had "forfeited any objection" to GoJet and the Court's prior method of calculating his front pay. Dkt. no. 192 at 5. On appeal, Cloutier again argued that the Court erred in accepting GoJet's calculation based on the 2018 payroll register data. The Seventh Circuit rejected this argument, finding that Cloutier forfeited the argument both on appeal and before this Court. *Cloutier*, 996 F.3d at 451. Cloutier has reargued the point following remand, but given the Seventh Circuit's ruling, this part of the inquiry is a closed matter. *See United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use the accident of remand as an opportunity to reopen waived issues.").

its front pay decision in January 2019, 18 months before Cloutier's October 2020 promotion at SkyWest. As an "issue[] arising for the first time on remand," GoJet's argument is not forfeited, and the Court is permitted to address it on remand. *See Morris*, 259 F.3d at 898.

Cloutier disputes this Court's authority to reopen the record on remand to consider post-trial evidence. In support, he cites two cases, *Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198 (7th Cir. 1989), and *McKnight v. General Motors Corp.*, 768 F. Supp. 675 (E.D. Wis. 1991). But neither case suggests that this Court is prohibited from considering post-trial evidence. In fact, both cases support GoJet's contention that the Court has the discretion to reopen the record to consider new evidence on remand.

In *Graefenhain*, 870 F.2d at 1206, the district court considered on remand the fact that the defendant instituted a reduction in force after the initial trial and damages award to determine that the plaintiff was entitled to only five months of front pay because he would have been properly laid off for reasons independent from his discriminatory discharge. On appeal for the second time, the Seventh Circuit rejected the plaintiff's argument that "the trial court should have made its front pay determination based only on facts known at the close of the initial liability trial." *Id.* The Seventh Circuit compared the case to cases that are remanded for a new trial, where the district court is permitted to consider events occurring after the initial trial. *Id.* at 1207. Where "the district court reopen[s] the front pay issue for reasons having no relation to the intervening events," it may consider the intervening events in its new decision. *Id.* at 1208. That is the case here.

Cloutier attempts to distinguish this case by arguing that the "*Graefenhain* trial

8

court heard the front pay damages for the first time only after the remand." Pl.'s Corrected Reply Br. at 2. "Because the trial court had never heard testimony on front pay," he argues, "it had no choice but to take in evidence." *Id.* But the Seventh Circuit's decision did not depend on the fact that the trial court had never heard testimony regarding front pay. In fact, the Seventh Circuit stated that its decision applied in cases where the trial court previously made a front pay ruling: "our decision is limited to a fairly uncommon situation, where a prior front pay ruling has been vacated on legal grounds but reconsideration of the issue has been delayed due to legitimate trial and appellate proceedings." *Graefenhain*, 870 F.2d at 1208. This is exactly what happened here.

Similarly, *McKnight* does not support Cloutier's position. Cloutier argues that *McKnight* stands for the proposition that "if the court had ample evidence on the issue at trial to comply with the mandate, that no new evidence will be taken." Pl.'s Corrected Reply Br. at 1. This is not the holding of *McKnight*. Although Cloutier is correct that the Seventh Circuit in *McKnight* was silent about reopening the evidence on remand, it is not true that the district court on remand lacked the authority to do so. *See McKnight v. General Motors Corp.*, 973 F.2d 1366, 1368–69 (7th Cir. 1992). Rather, the Seventh Circuit indicated that declining to reopen the record was a matter of the district court's discretion. *Id.* at 1369. There the district court chose not to, in part, because the parties had previously declined "to file written memoranda further addressing the issues of reinstatement and front pay." *McKnight*, 768 F. Supp. at 678.[2] That is not the situation

---

[2] Cloutier also makes a generic argument "disput[ing] the accuracy of the Gojet [sic] information and object[ing] to the use of any information obtained post trial." Pl.'s

9

here.

The Court finds it appropriate to consider Cloutier's promotion to SkyWest captain in recalculating his front pay award. Cloutier is entitled to front pay consisting of the difference between what he would have earned at GoJet and what he actually earned at SkyWest. Because his promotion at SkyWest resulted in his earning more than he would have at GoJet as of October 2020, at that point he was no longer financially disadvantaged by GoJet's unlawful conduct. If the Court did not take his promotion into account, it would result in Cloutier receiving significantly more money than he would have had he not been wrongfully terminated by GoJet. Because the Seventh Circuit has made clear that district courts must aim to give plaintiffs "full compensation, but no more" when awarding front pay, the Court finds that Cloutier is not entitled to front pay after September 30, 2020. *Graefenhain*, 870 F.2d at 1208.

### 4. The calculation

The Court thus recalculates Cloutier's front pay award consistent with the findings above. To determine Cloutier's anticipated earnings at GoJet through September 30, 2020, the Court uses the calculations that GoJet submitted to the Court when it first made its front pay determination. The Court added together GoJet's original calculations for each month through September 2020, finding that Cloutier would have made $181,989.00 at GoJet through September 30, 2020.

---

Corrected Reply Br. at 3. Cloutier fails to specify exactly what evidence he is referencing. Nor does he explain why the Court should doubt the accuracy of GoJet's information. The Court finds that Cloutier has forfeited this particular argument. *See Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020) ("Arguments that are underdeveloped, cursory, and lack supporting authority are waived.").

To determine Cloutier's anticipated earnings at SkyWest through September 30, 2020, the Court made the calculations listed in the table below. It finds that Cloutier's anticipated earnings at SkyWest through September 30, 2020 amounted to $128,905.94.

| Dates | Actual 2018 earnings (95 hours) | Projected earnings (75 hours) | Notes |
|---|---|---|---|
| 8/16/2018 through 12/31/2018 | $25,814.24 | $20,379.66 | |
| 1/1/2019 through 12/31/2019 | | $61,750.37 | 1% increase from annualized 2018 |
| 1/1/2020 through 9/30/2020; | | $46,775.91 | 1% increase from 2019 |
| | | $128,905.94 | Total |

Subtracting Cloutier's anticipated SkyWest earnings from his anticipated GoJet earnings, the Court finds that he is entitled to a total of $53,083.06 in front pay.

## Conclusion

For the foregoing reasons, the Court awards Cloutier $53,083.06 in front pay. This means that the total monetary award is $428,893.52 ($187,905.23 + $187,905.23 + $53,083.06). The Court directs the Clerk to enter an amended judgment in favor of plaintiff John Cloutier and against defendant GoJet Airlines LLC on plaintiff's remaining claims under the Family and Medical Leave Act (counts 1, 3, 5, 10, and 11), awarding damages in the amount of $428,893.52, and in favor of defendant GoJet Airlines LLC and against plaintiff John Cloutier on all of plaintiff's other claims (counts 2, 4, 6, 7, 8, and 12).

Date: January 3, 2022

_____
MATTHEW F. KENNELLY
United States District Judge